In the Matter of HENRI COLIN, Respondent, *v.* BENJAMIN ALTMAN, as Commissioner of Rent and Housing Maintenance, Appellant.

First Department, June 20, 1972.

*Morton Fried* of counsel (*Harry Michelson* with him on the brief; *Daniel W. Joy*, attorney), for appellant.

*Abraham A. Katz* of counsel (*Katz & Katz*, attorneys), for respondent.

STEUER, J. The petitioner herein sought a certificate of eviction for the tenant of an apartment in the building located at 130 West 112th Street. Respondent Rent Commissioner denied the request. This action to review that determination in an article 78 proceeding followed. Special Term granted the petition.

The building is owned by 130 West 112th Street Corp., all the stock of which is owned by the petitioner. Petitioner claimed he desired the apartment for his own use. Respondent denied the application on the ground that petitioner had no standing to obtain a certificate of eviction. We believe the respondent to be correct in that ruling. No other question is involved.

The right to evict a statutory tenant is governed by subdivision a of section 55 of the Rent, Eviction and Rehabilitation Regulations, which in pertinent part reads as follows: "A certificate shall be issued where the landlord seeks in good faith to recover possession of a housing accommodation because of immediate and compelling necessity for his own personal use and occupancy, or for the use and occupancy of his immediate family". Petitioner directs attention to other sections of the regulations where the word "landlord" is used or defined to include a corporate landlord. Such sections have no rele-

vance. It must be obvious that the landlord referred to above is an individual owner as distinct from other legal entities. A corporation has no compelling necessity to occupy housing accommodations, nor does it have a family, immediate or otherwise. The section is limited to individual landlords (*Reconstruction Syndicate* v. *Sharpe,* 186 Misc. 897). The same interpretation is given to owner occupancy as a requisite for decontrol (*Matter of Borcha, Inc.* v. *Weaver,* 6 A D 2d 835).

A distinction is sought to be made because the petitioner is the sole stockholder. In this connection it is noteworthy that the corporate veil is never pierced for the benefit of the corporation or its stockholders. The procedure is only permissible against a purported stockholder who is using the corporate veil to defraud. Nor is some supposed principle of equity involved. The corporate method of doing business or holding property has long been recognized as a legitimate exercise of business discretion. A sole stockholder receives the same protection and immunities that stockholders of multi-owned corporations enjoy. He is also subject to the same disadvantages. He is not the corporation either in law or fact and, having elected to take the advantages, it is not inequitable to subject him to the disabilities consequent upon his election.

The judgment entered January 10, 1972 annulling, pursuant to article 78 of the CPLR, respondent's order denying a certificate of eviction and remanding the matter for further proceedings should be reversed and vacated on the law and the petition dismissed, without costs.

STEVENS, P. J., and MURPHY, J., concur; EAGER and CAPOZZOLI, JJ., dissent and would affirm on the opinions of BAER, J., at Special Term.

Judgment, Supreme Court, New York County, entered on January 10, 1972, reversed, on the law, and vacated, without costs and without disbursements, and the petition dismissed.