■ HENROCK REALTY CORP., Respondent, v IRWIN TUCK, Appellant.—

In a holdover proceeding, the tenant appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, entered June 26, 1975, which affirmed a judgment of the Civil Court of the City of New York, Kings County, which granted the petition, after a nonjury trial. Order reversed, on the law, with costs in this court, $30 costs and disbursements in the Appellate Term, and costs in the Civil Court, and petition dismissed. The findings of fact are affirmed. An owner who seeks to recover possession of a dwelling unit for his own personal use and occupancy, or for the use and occupancy of his immediate family (see Administrative Code of City of New York, § YY 51-6.0; Code of the Real Estate Industry Stabilization Assn. of New York City, Inc., § 54, subd [b], must be a natural person. A corporation, unlike an individual, cannot be viewed in a familial perspective, even though such corporation may consist of a sole shareholder. Moreover, to do so, would be contrary to the design or intent of the afore-mentioned provision of the rent stabilization law. Subdivision (b) of section 54 of the Code of the Real Estate Industry Stabilization Association should be construed in the same manner as is subdivision a of section 55 of the Rent, Eviction and Rehabilitation Regulations of the Housing and Development Administration, enacted pursuant to the city Rent, Eviction and Rehabilitation Law, since the same concerns with the state of housing in New York prompted both laws (see *Matter of Colin v Altman*, 39 AD2d 200; *Matter of Borcha, Inc. v Weaver*, 6 AD2d 835). Moreover, the fact that the sole shareholder of the corporation had the defendant transfer title to him after the entry of judgment, gives him no greater rights than those enjoyed by the corporation. Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.