OPINION OF THE COURT
Herbert Shapiro, J.
Plaintiffs Ipco Hospital Supply Corporation (Ipco) and Whitby Realty Corp. (Whitby) bring this action against Consolidated Edison Company of New York (Edison) seeking, by way of five separate causes of action, a refund of what is claimed to be an overcharge in electric rates.
An office building complex was erected in Valhalla, New York, being completed in the latter part of 1971. The title to the property was in defendant, Whitby, a wholly owned subsidiary of Ipco. A certificate of occupancy was likewise issued to Whitby.
After the completion of the building, request was made of Edison for the supply of gas and electric current. An application for such service was filed in behalf of Whitby in which application it was provided that the applicant would pay for such service at the rate service classification No. 4.
Thereafter and in or about October, 1971 service was insti *790 tuted and bills were thereafter sent, addressed to Whitby, in care of Ipco. It is asserted, without contradiction, that the bills were paid by Ipco.
In 1974 Ipco contacted Edison and advised it that the billings made and paid had been in error since service classification No. 9 was the proper classification rather than classification No. 4. The difference in the rates applicable and the lesser amounts of the billings based on such difference is essentially what the plaintiffs seek to recover in this lawsuit.
The argument made by plaintiffs is that the real party to whom the service was sold was Ipco and not Whitby, the latter being a "nominal” owner designated as such "for internal operating purposes”. That being so and in the light of the nature of occupancy of the building (ultimately occupied more than 90% by Ipco), the No. 9 classification and its lower rates should have been applied.
The first cause of action alleges, in substance, that Edison, knowing of the relationship between Ipco and Whitby, and knowing that if Ipco were the customer the lower rate would be applicable, failed to advise Whitby and Ipco of such fact. Such failure, it is claimed, imposes liability upon Edison.
The first cause of action must be dismissed. A utility has no duty to advise a potential user of all the possible ways in which it might obtain the benefit of a classification with a lower rate, particularly, as here, where for reasons best known to itself Ipco determined to take title to the property in the name of Whitby. In effect, the plaintiffs are asserting that Edison had the obligation to consult with and advise them as to the internal working of their corporation and subsidiaries and the proper corporate structure to employ. Clearly Edison had no such duty. In Silver’s Lunch Stores v United Elec. Light & Power Co. (142 Misc 744, mod 146 Misc 554) a somewhat similar situation was involved. There the plaintiff chose a classification which resulted in higher billings than otherwise could have been achieved had a wiser choice of classification been made. It was urged that the plaintiff was ignorant of the proper classification to select and that the utility should have advised it with respect thereto. The court held that no such duty existed.
It is to be noted that the position of the plaintiff in the Silver case was a more favorable one than that of the plaintiffs here. There an unsophisticated consumer chose an improper classification. Here the consumer plaintiffs made a *791 deliberate corporate decision to take title to the property in the name of Whitby thereby requiring the application of a particular classification.
The second cause of action is essentially the same as the first and is likewise dismissed.
The third cause of action alleges that Edison is estopped to deny the "identity of interest” between Ipco and Whitby and, in effect, must treat them as one for classification purposes. This cause, too, must be dismissed. It recites no cause of action which is recognizable in law. If what it is attempting to say— although it does not — is that the corporate veil should be pierced and Whitby and Ipco treated as one entity for classification purposes, it still is insufficient. A corporate veil will not be pierced for the benefit of the corporation or its stockholders but only to prevent a fraud upon others by use of the corporate device. (Matter of Colin v Altman, 39 AD2d 200.)
The fourth cause of action asserts that Edison has been unjustly enriched. In the light of the prior rulings herein there is no merit to that cause.
The fifth cause of action seeking punitive damages based upon an alleged willful failure and refusal on the part of Edison to advise plaintiffs properly as to the rates is likewise insufficient in the light of the dismissal of all the other causes of-action.