OPINION OF THE COURT
Richard S. Lane, J.
Can a partnership have a mother?
Landlord partnership has brought on this holdover proceeding seeking possession for the personal use and occupancy of the mother of one of the partners pursuant to subdivision (b) of section 54 of the Rent Stabilization Code. Tenant moves to dismiss on two grounds:
(1) The court lacks subject matter jurisdiction since landlord has failed to exhaust its administrative remedies (tenant has heretofore complained to the Conciliation and Appeals Board that no renewal lease has been offered, landlord has re *1081 sponded alleging the facts which are the basis of this proceeding, and the matter is still pending); and
(2) Landlord’s petition fails to state a cause of action since subdivision (b) of section 54 is applicable only to individual owners.
Tenant’s first ground is rejected. Unlike subdivision (a) of section 55 of the City Rent, Eviction and Rehabilitation Regulations (allowing a similar option to landlords of rent-controlled apartments), and unlike other subdivisions of the same section 54, wherein administrative hearings are provided, issues arising under subdivision (b) of section 54 are specifically reserved in the code to the court in a summary dispossess proceeding (Rent Stabilization Law, § 54, subd [f]; Alden v Callahan, 65 Misc 2d 183).
I recognize that my colleague, Judge Thomas Sinclair, has reached a contrary conclusion in Danton v Lagerfelt (L&T, No. 123580/78) relying on the authority of 520 East 81st St. Assoc. v Lenox Hill Hosp. (38 NY2d 525). I, however, do not find that opinion compelling where the administrative agency has withheld its hand. The doctrine of exhaustion of administrative remedies is not applicable because the administrative agency itself has so said.
Tenant’s second ground requires a consideration of the language of subdivision (b) of section 54 which reads as follows:
"The owner shall not be required to offer a renewal lease to a tenant only upon one of the following grounds: * * *
"(b) Occupancy by owner or immediate family. The owner seeks in good faith to recover possession of a dwelling unit for his own personal use and occupancy or for the use and occupancy of his immediate family; the term 'immediate family’ includes a husband, wife, son, daughter, stepson, stepdaughter, father, mother, father-in-law, or mother-in-law.”
That language has been authoritatively interpreted as not applying to a corporate owner even if possession were being sought for the personal use and occupancy of a sole shareholder (Henrock Realty Corp. v Tuck, 52 AD2d 871; see Matter of Colin v Altman, 39 AD2d 200; to the same effect under City Rent, Eviction and Rehabilitation Regulations, §55).
No case apparently has interpreted that language with respect to a partnership owner. However, the similar language *1082 of section 55 of the City Rent, Eviction and Rehabilitation Regulations has been held not to encompass a partnership (Matter of Mayred Assoc. v Joy, NYLJ, Oct. 29, 1976, p 6, col 4, affd 57 AD2d 811; Matter of Wallach v Altman, NYLJ, July 13, 1971, p 2, col 4; De Santis Bros. v Altman, NYLJ, March 16, 1971, p 19, col 1). The same arguments urged in the corporate cases were persuasive. A partnership cannot occupy an apartment for personal use; a partnership cannot have a family; the owner envisaged must be a natural person.
It is appropriate that the two regulatory programs be construed in the same manner since they both spring from the same concern about the state of housing in the city (see Henrock Realty Corp. v Tuck, supra). This is especially true where the language of the one tracks the other so closely.
Accordingly, the motion is granted.