■ In the Matter of OTTAVIO FANELLI, Respondent, v NEW YORK CITY CONCILIATION AND APPEALS BOARD, Appellant, and WILLIAM R. BIERY, Intervenor-Appellant. — Judgment of the Supreme Court, New York County (Blangiardo, J.), entered February 19, 1982, unanimously reversed, on the law, without costs, the application denied, the petition dismissed and the determination of appellant New York City Conciliation and Appeals Board (CAB), dated April 9, 1981, upholding the intervenor-appellant's right to a renewal of his lease under subdivision A of section 23 and sections 50 and 60 of the Code of the Rent Stabilization Association of New York City, Inc. (Code) reinstated. The intervenor-appellant, William Biery, is a rent-stabilized tenant of apartment 1A at 113 East 36th Street, in the Borough of Manhattan, under a lease which was to have expired May 31, 1981. The record owner of the building was Transposition Corporation, at least until March, 1981, when the corporation was dissolved and the property transferred by deed to respondent, Ottavio Fanelli. On February 4, 1981, the tenant filed a complaint with the CAB, alleging the failure of the owner to offer the tenant a renewal lease under subdivision A of section 23 and section 60 of the Code. The answer filed in the administrative proceeding asserted the right of the owner to proceed in good faith to recover possession of the apartment for his own use and occupancy under subdivision B of section 54 of the Code. Fanelli, who was 72 years of age, claimed to have suffered from heart trouble, alleging that he needed a ground floor apartment because of difficulty encountered in walking up the stairs. He also contended that his existing apartment, containing but one bedroom, was insufficient to house himself, his wife, daughter and granddaughter, all of

whom were living with him. The CAB found that the tenant's right to be offered a renewal of the lease accrued not more than 150 nor less than 120 days prior to its expiration (Code, § 60) and, since the building at that time was owned by a corporation, the owner could not avail itself of the provisions of subdivision B of section 54 of the Code (see *Henrock Realty Corp. v Tuck,* 52 AD2d 871). Accordingly, the owner was directed to offer the tenant a renewal lease in compliance with subdivision A of section 23 and section 60 of the Code. We are in agreement that Special Term erred in vacating and annulling the CAB determination which had directed that a renewal lease be offered to the tenant. The tenant's right to such a renewal accrued on January 31, 1981, at which time the corporation owned the premises, with petitioner as its sole shareholder. Subdivision B of section 54 of the Code permits an owner to withhold renewal where he in good faith seeks occupancy for his own personal use and that of his immediate family. Such a right, however, may only be exercised by a natural person. Neither a corporation nor a partnership may avail itself of the privilege afforded under subdivision B of section 54 of the Code (see *Matter of Colin v Altman,* 39 AD2d 200; *Henrock Realty Corp. v Tuck,* 52 AD2d 871, *supra*). Undisputed here is that as of the date of accrual of the tenant's right to a renewal of the lease term, the premises were owned by the corporation. The claim, advanced for the first time before Special Term, that a resolution was passed in December, 1980 to dissolve the corporation has no dispositive effect. The statute, as applied here, fixes the rights and obligations of the parties based upon the legal ownership of the premises, without regard to such considerations as beneficial or equitable ownership, improperly relied upon by Special Term. On this record, there is clearly a rational basis for the CAB determination that the owner did not meet its burden of establishing grounds to support its failure to renew the lease as of the time when the tenant's right thereto accrued (*Short v Graves,* 109 Misc 2d 672; *Alden v Callahan,* 65 Misc 2d 183). Likewise improper was Special Term's reliance upon factual matter which had not been adduced before the CAB. The function of the court upon an application for relief under CPLR article 78 is to determine, upon the proof before the administrative agency, whether the determination had a rational basis in the record or was arbitrary and capricious. Disposition of the proceeding is limited to the facts and record adduced before the agency when the administrative determination was rendered (see *Matter of Levine v New York State Liq. Auth.,* 23 NY2d 863). The claim, advanced for the first time at Special Term, that, in December, 1980, a resolution had been passed to dissolve the corporate owner, was not made before the CAB. Accordingly, although we are in agreement that the issue is without legal effect here, the proof dehors the record should not have been considered by Special Term. Concur — Ross, J. P., Carro, Bloom and Kassal, JJ.