■ In the Matter of VINCENT P. BURKE et al., Respondents, v DANIEL W. JOY, as Commissioner of the Office of Rent Control and Housing Maintenance, Respondent, and JENNY G. STRAUSS, Intervenor-Appellant. — Judgment, Supreme Court, New York County (Seymour Schwartz, J.), entered August 24, 1983, which, in a CPLR article 78 proceeding brought by petitioners-respondents (landlords), annulled a determination of the Commissioner of the Office of Rent and Housing Maintenance dated September 28, 1982 denying the landlords a certificate of eviction for an apartment occupied by the intervenor-appellant (tenant), and directed the commissioner to issue a certificate of eviction, reversed, on the law, without costs, and petition dismissed, without prejudice to a renewed eviction application by the landlords upon additional facts that arose after the commencement of the article 78 proceeding. ¶ The 71-year-old intervenor-appellant (hereafter the tenant) has been a rent-controlled tenant of apartment 5B at 107 East 63rd Street in Manhattan for 30 years. In December, 1979 one of the landlords, Mr. Burke, applied to the Department of Rent and Housing Maintenance (hereafter the Department) for a certificate of eviction for apartment 5B to house his mother, then 71 years old and residing by herself in Ohio, who suffers from an incurable degenerative eye disease, loss of hearing and cardiac instability. At the time of the application Mr. Burke had an application pending in the Department for possession of apartment 5A for his own use. That application was discontinued when Mr. Burke became entitled to possession of apartment 6B. It is Mr. Burke's present intention to construct a duplex apartment combining apartments 5B and 6B, with Mr. Burke residing on the sixth floor and his mother residing on the fifth floor. ¶ Subdivision a of section 55 of the New York City Rent and Eviction Regulations provides, insofar as herein relevant, that "A certificate [of eviction] shall be issued where the landlord seeks in good faith to recover

possession of a housing accommodation because of immediate and compelling necessity for his own personal use and occupancy, or for the use and occupancy of his immediate family". Subdivision d of section 55 provides that with regard to buildings purchased after September 17, 1947, as was the building in question, "no certificate shall be issued under this section unless the landlord on or before the date of the filing of the application has made a payment or payments totaling at least 20 percent of the purchase price or the assessed valuation of the premises, whichever is the greater; provided, however, that where the Administrator finds (1) that equivalent accommodations are available for rent into which the tenant can move without substantial hardship or loss, or (2) that undue hardship would result to the landlord, a certificate may be issued although less than 20 percent has been paid." ¶ On February 6, 1981 the district rent director denied the eviction application upon findings of a lack of good faith, the absence of immediate and compelling necessity, the failure to establish payments of 20% of the purchase price and absence of undue hardship to justify waiver of the 20% requirement. ¶ On March 9, 1981 the landlords filed a protest to the Commissioner of the Office of Rent and Housing Maintenance. On January 21, 1982, after a hearing held in September, 1981, the commissioner issued an order granting the landlords' protest and directing that a certificate of eviction be issued, upon findings that Mr. Burke had established good faith, an immediate and compelling necessity for apartment 5B, and that the 20% equity requirement had been met. ¶ On February 16, 1982 the tenant instituted an article 78 proceeding to annul the commissioner's determination granting the landlords' protest. The commissioner responded by requesting the court to remit the matter to the Office of Rent Control and Housing Maintenance for reconsideration. That request was granted by order entered May 14, 1982, and on September 28, 1982 the commissioner reversed his position to favor the tenant on each of the relevant prior findings, and further found that the landlords, although listed in the deed to the subject premises as individuals, actually own and operate the premises as a partnership. The significance of this last factor rests upon the premise that a partnership cannot have a mother, and *ipso facto* cannot establish an "immediate and compelling necessity * * * for the use and occupancy of [the landlord's] immediate family" under subdivision a of section 55 of the regulations. (see *El Kam Realty Co. v Kaytor*, 99 Misc 2d 1080; *Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, affd 58 NY2d 952.) ¶ In October, 1982 the landlords commenced an article 78 proceeding to vacate the September 28 determination by the commissioner. Shortly thereafter the landlords learned that apartment 7A would soon be vacated by its occupant, and, by letter dated November 22, 1982, apartment 7A was offered to Mrs. Strauss, the tenant appellant, for relocation purposes at the same rental she had been paying for apartment 5B. This offer was rejected by the tenant. ¶ Special Term found that the building was legally owned by the landlords as individuals and that this factor was controlling for purposes of these proceedings, thus posing no legal impediment to the application for a certificate of eviction to obtain the subject apartment for Mr. Burke's mother. We agree with this finding. (See *Matter of Fanelli v New York City Conciliation & Appeals Bd., supra.*) Special Term also held that the commissioner had not adequately considered granting the landlords' application based on the exceptions listed in subdivision d of section 55 of the regulations, and ordered that the application be granted on condition that the landlords provide the tenant with a substantially similar apartment at the same rent the tenant was paying for apartment 5B, and that they pay the tenant's moving expenses and reasonable costs or redecoration. ¶ Special Term's determination appears to represent a reasonable reconciliation of the conflicting interests, and one that

is in accord with the controlling principles. However, it turns in significant part upon facts that had not been considered by the Department and which the tenant did not have an opportunity to respond to in the appropriate forum. In *Matter of Fanelli* (90 AD2d 756, 757, *supra*), this court stated: "Likewise improper was Special Term's reliance upon factual matter which had not been adduced before the CAB. The function of the court upon an application for relief under CPLR article 78 is to determine, upon the proof before the administrative agency, whether the determination had a rational basis in the record or was arbitrary and capricious. Disposition of the proceeding is limited to the facts and record adduced before the agency when the administrative determination was rendered (see *Matter of Levine v New York State Liq. Auth.,* 23 NY2d 863)." Accordingly the judgment must be reversed, but without prejudice to a renewed eviction application upon additional facts that arose after the commencement of the article 78 proceeding. Concur — Sandler, J. P., Asch, Silverman, Lynch and Alexander, JJ.