OPINION OF THE COURT
Howard Sherman, J.
Respondent moves pursuant to CPLR 3211 (a) (1), (2) and (7) for an order dismissing the petition for lack of subject matter jurisdiction and failure to state a cause of action based upon documentary evidence.
Petitioner allegedly served a notice of intention of nonrenewal dated October 10, 1986. This notice states that petitioner requires the subject premises for her personal use. This holdover proceeding was subsequently commenced by alleged service of a notice of petition and petition on July 21,1987.
It is undisputed that the subject premises were transferred by quitclaim deed dated October 9, 1986 from Carolina Rizzuto to Carolina Rizzuto as trustee. Thus, at the time of alleged service of the notice of intention of nonrenewal, as well as at the time of commencement of this proceeding, title to the *99 subject premises was held, by petitioner herein in her capacity as trustee.
The issue before this court is whether a trustee can recover a rent-stabilized apartment for her own use and occupancy under the Rent Stabilization Code.
Section 54 (B) of the Code of the Rent Stabilization Association of New York City, Inc. (Rent Stabilization Code) in effect at the time of alleged service of the "window period” notice herein permitted an owner to refuse to renew a lease where the owner sought to occupy the subject apartment for his or her own use or that of his/her immediate family.
A trustee is a fiduciary who holds property for the benefit of another. While the position of trustee may be occupied by a natural person, a trustee is a legal construct rather than a natural person. The right to withhold a renewal lease on the basis of owner’s personal use may only be exercised by a natural person (Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756 [1st Dept 1982], affd 58 NY2d 952; Henrock Realty Corp. v Tuck, 52 AD2d 871 [2d Dept 1976]). Accordingly, a trustee may not refuse to renew a lease under section 54 (B) of the Rent Stabilization Code.
Since the subject premises were held by a trustee at the time of alleged service of the "window period” notice herein, this petition must be dismissed.