OPINION OF THE COURT
Peter Tom, J.
Respondent moves for an order dismissing the petition for *260 failure to state a cause of action on the ground that a corporate owner cannot recover possession of a rent-stabilized apartment for its personal use and occupancy under Rent Stabilization Code (9 NYCRR) § 2524.4 (a) (1).
Respondent, a rent-stabilized tenant, entered into a two-year lease with petitioner for the premises in issue. Upon expiration of the lease, petitioner commenced the instant summary holdover proceeding against respondent to recover possession of the apartment for the personal and residential use by its corporate president and family.
It is petitioner’s contention that the current Rent Stabilization Code which became effective on May 1, 1987 amended the old code to permit a corporate owner to recover a housing accommodation for the owner’s use and occupancy. Petitioner reasons that the current code amended the definition of "owner” under section 2520.6 (i) to include an "entity” and that the code now recognizes that entities such as corporations have the rights and obligations of owners under the Rent Stabilization Law including the right to recover premises for owner’s use and occupancy under section 2524.4 (a) (1).
The court agrees with respondent that there is a flaw in petitioner’s reasoning as to the application of section 2524.4 (a) (1) to a corporate entity. If petitioner’s argument is valid that the 1987 code has just recognized and added entities such as corporations as owners under rent stabilization then it would follow that corporations would not have been considered lawful owners of stabilized housing accommodations prior to the effective date of the 1987 code. This was obviously not the case.
The 1987 Rent Stabilization Code (9 NYCRR part 2520 et seq.) did not add a new group of owners under rent stabilization but rather, the new code clarified the definition of "owner”, which was defined more in general terms under the old code, by expanding its definition to identify with more specificity the term "owner” under rent stabilization.
The issue as to whether a corporate owner can recover possession of a rent-stabilized apartment for personal use is not determined by the definition of "owner” under section 2520.6 (i) but by section 2524.4 (a) (1) which sets forth the grounds upon which an owner may recover stabilized premises for the owner’s personal use and occupancy.
The decisional law prior to the effective date of the 1987 code is clear, and conceded by both parties, that a corporate *261 owner cannot recover possession of a rent-stabilized housing accommodation for its personal use and occupancy. (Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756; Henrock Realty Corp. v Tuck, 52 AD2d 871; Matter of Colin v Altman, 39 AD2d 200.) These appellate cases held that the right of an owner to withhold renewal of a stabilized unit for his own personal use and that of his immediate family under the Rent Stabilization Code may only be exercised by a natural person.
Petitioner urges that the new code amended the statute and superseded these cases. Petitioner points out that there are no reported cases on point after the effective date of the 1987 code.
A careful reading of section 2524.4 (a) (1) shows that the 1987 amendments of this section do not support petitioner’s contention.
Section 2524.4 provides that the owner shall not be required to offer a renewal lease to a tenant on one or more of the following grounds: "(a) Occupancy by owner or members of owner’s immediate family. (1) An owner who seeks to recover possession of a housing accommodation for such owner’s personal use and occupancy as his or her primary residence in the City of New York and/or for the use and occupancy of a member of his or her immediate family as his or her primary residence in the City of New York”.
The 1987 code under section 2524.4 (a) (1) contains the same language as the old code which when read leads to the only interpretation that the application of section 2524.4 (a) (1) applies only to an individual owner.
The statute provides that an owner may recover possession of a housing accommodation for such owner’s personal use. The term "personal” is defined as "[appertaining to the person * * * [and] having the nature of partaking of the qualities of human beings”. (Black’s Law Dictionary 1029 [5th ed 1979].) An entity such as a corporation is not an individual and cannot utilize the premises for personal use.
The statute further provides that the recovery of the premises shall be for such owner’s use as "his or her” primary residence and/or for the use and occupancy of a member of "his or her” immediate family. The pronouns used in conjunction with the term "owner” in the provision clearly refer to a natural person. There are no neuter gender pronouns used in the statute which would imply that an entity is the type of *262 owner entitled to refuse a lease renewal for the owner’s personal use and occupancy under this section. Further, a corporation does not have members of an immediate family as set forth in the statute. (See, Matter of Colin v Altman, supra.)
Section 2524.4 (a) (3) provides that "The provisions of this subdivision [subd (a)] shall only permit one of the individual owners of any building * * * to recover possession of one or more dwelling units for personal use and occupancy.”
The term "individual” used as an adjective means, "pertaining or belonging to, or characteristic of, one single person, either in opposition to a firm, association, or corporation, or considered in his relation thereto.” (Black’s Law Dictionary 696 [5th ed 1979].)
The application of Rent Stabilization Code § 2524.4 (a) (1) as set forth in the statute is clearly limited to an owner who is a natural person.
Accordingly, that portion of respondent’s motion for an order dismissing the petition for failure to state a cause of action is granted.
That branch of respondent’s motion for attorney’s fees is also granted.
The provisions of the expired lease between the parties provide for an award of attorney’s fees to the landlord as expenses and costs in recovering possession of the leased premises. Real Property Law § 234 implies a reciprocal covenant in the lease which obligates the landlord to pay the tenant reasonable attorney’s fees and/or expenses incurred by the tenant as a result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease.
Respondent’s failure to surrender the leased premises at the end of the lease term is an alleged breach of a covenant of the lease upon which petitioner predicates the instant summary holdover proceeding. (See, Troy v Oberlander, 146 AD2d 460; Cier Indus. Co. v Hessen, 136 AD2d 145.)
Since petitioner alleges in this proceeding that respondent has breached a covenant of the lease by not surrendering the premises at the expiration of the lease term, and respondent has proved otherwise, that it was the petitioner who has not met its obligation to offer a renewal lease, the reciprocal covenant to recover attorney’s fees by the tenant under Real *263 Property Law § 234 is triggered. Respondent is entitled to recover reasonable attorney’s fees in the defense of this proceeding.
This matter is placed on the Part 18 Calendar on May 21, 1990 at 9:30 a.m. for a hearing to determine a definitive amount of reasonable attorney’s fees respondent is entitled to recover from petitioner.
This shall constitute the decision and order of the court.