■ In the Matter of FRED MENGONI, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.— Order and judgment (one paper), Supreme Court, New York County (Edward J. Greenfield, J.), entered on or about July 3, 1991, which, insofar as appealed from, denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination directing a refund of rent overcharges, and dismissed the petition, unanimously affirmed, without costs. Appeal from the order of the same court entered November 20, 1991, which deemed petitioner's motion for "leave to reargue or renew" as one for reargument only, and, so considered, denied the motion, dismissed as nonappealable, without costs.

Petitioner's failure to provide, as requested by respondent, a complete rent history authorized respondent's use of its default formula in calculating the rent for the subject apartment *(Matter of Drewbar Realty Co. v State of N. Y. Div. of Hous. & Community Renewal,* 181 AD2d 617). Upon an examination of the return, we also agree with the IAS Court that petitioner's assertion that the building containing the subject apartment had been a church/school prior to 1974 was not raised during the administrative proceedings, and thus could not be considered in the article 78 proceeding. "Disposition of the proceeding is limited to the facts and record adduced before the agency when the administrative determination was rendered." *(Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, 757, *affd* 58 NY2d 952.) We have reviewed petitioner's other arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Kupferman and Rubin, JJ.