(January 11, 1994)

■ In the Matter of MARKSUE REALTY, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [606 NYS2d 205] —Order, Supreme Court, New York County (Milton L. Williams, J.), entered August 11, 1992, which, inter alia, granted the petition to the extent of severing and remanding for a hearing the matter of the reasonable value of services rendered by the tenant's attorney, unanimously reversed to the extent appealed from, on the law, the

petition denied in its entirety and the proceeding dismissed, without costs. Inasmuch as the order on appeal is one in a CPLR article 78 proceeding against a "body or officer" (CPLR 5701 [b] [1]), leave to apeal is granted *sua sponte.*

The request for attorneys' fees was raised not before the District Rent Administrator, but before the petition for administrative review (PAR) Hearing Officer on the second hearing date. However, it is clear that the owner's attorney had the opportunity to challenge the amount of the fees, since he raised unrelated issues with respect to the fee award. Yet nothing was said regarding the amount.

Based upon the limited scope of Supreme Court review in an article 78 proceeding challenging a PAR determination, the IAS Court should not have considered the landlord's challenge to the amount of the fee award. Moreover, a remand is not warranted where an argument is first raised in Supreme Court, rather than at the administrative level *(see, Matter of Mengoni v Division of Hous. & Community Renewal,* 186 AD2d 385). The remand on that limited issue was therefore improper. It is noted that the claimed lack of notice for the request for attorneys' fees, and the claim that the Division of Housing and Community Renewal exceeded its scope of review on the PAR, are not raised on appeal. Concur—Murphy, P. J., Wallach, Kupferman and Asch, JJ.