■ In the Matter of LEON GOLDSTEIN, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent. [642 NYS2d 530] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent dated February 11, 1993, finding that the petitioner was liable for willful rent overcharges and treble damages in the sum of $22,618, the petitioner appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered May 11, 1994, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondent's determination that the petitioner willfully collected excessive rents and was thereby liable for overcharges and penalties in the amount levied has a rational basis in the record and will not be disturbed. Contrary to the petitioner's contention, his prior extensive connections with both the property and its prior owner exclude him from the protection of Rent Stabilization Code (9 NYCRR 2526.1 [f] [2]). There is no merit to the petitioner's contention that his unsuccessful efforts at obtaining the rent registration records of the building from the respondent mandate a finding that the overcharges in question were not willful (*see, Matter of 4947 Assocs. v New York State Div. of Hous. & Community Renewal,* 199 AD2d 179).

The petitioner's remaining contentions are either without merit (*see,* Administrative Code of City of NY § 11-424 [e]; § 26-507 [c]) or based upon facts which were not before the respondent (*see, Matter of Levine v New York State Liq. Auth.,* 23 NY2d 863; *Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, *affd* 58 NY2d 952). Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.