*217 OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs and counterclaims dismissed.
The issue on this appeal is whether landlord, who purchased the property at a mortgage foreclosure sale, is liable for rent overcharges collected by the prior owners.
Landlord commenced this proceeding seeking alleged monthly rent of $750 for the months of May through November 1996. In an amended answer, tenant affirmatively asserted, inter alia, that the apartment had not been registered with the Division of Housing and Community Renewal (DHCR) since 1985 and counterclaimed for rent overcharges from the inception of the tenancy in 1993 and for treble damages.
During trial, tenant’s counsel stated that the only DHCR records available indicated that the apartment was rent controlled in 1984 at a monthly rent of $101. When the court ruled that it was landlord’s burden to show that the apartment had been decontrolled, landlord moved to withdraw her petition. The court granted landlord’s motion but allowed the case to proceed with respect to tenant’s counterclaims.
The proof showed that tenant moved into the apartment on September 1, 1993 and paid rent of $750 per month through August 1995, at which time the rent was reduced to $700 because of problems in the apartment. The proof further showed that in April 1991 landlord’s husband had given the prior owners a $70,000 loan secured in part by a second mortgage on the property; that both landlord’s husband and the holder of the first mortgage had commenced foreclosure proceedings against the prior owners; that the prior owners had delayed the foreclosure proceedings by filing for bankruptcy four times; that on February 7,1996, landlord’s husband had obtained an order appointing a receiver and enjoining the prior owners from collecting rent; and that the first mortgagee’s foreclosure proceedings had resulted in a foreclosure sale of the building on April 1, 1996, at which sale landlord had purchased. The proof also showed that landlord was given a Referee’s deed in foreclosure, which was executed on September 26, 1996 and recorded on October 7, 1996, and that on October 10, 1996 landlord appointed Patty Kyriakou, one of the prior owners, to be the managing agent of the property.
After trial, the court ruled that landlord was liable for the rent overcharges by the prior owners. The court noted that *218 landlord had had a long and extensive relationship with the property; that landlord had hired Ms. Kyriakou, one of the former owners, as manager; that as a prior owner Ms. Kyriakou should have been aware of the rent-regulatory status of the apartment; and that landlord should have been able to ascertain whether the premises were registered by asking Ms. Kyriakou but failed to make inquiry. The court awarded tenant overcharges of $20,966 plus treble damages for a portion of the overcharges, for a total of $54,622.
In our view, landlord is not liable for the overcharges by the prior owners. The applicable provision of the Rent Stabilization Code provides that: “For overcharge complaints filed or overcharges collected on or after April 1, 1984, a current owner shall be responsible for all overcharge penalties, including penalties based upon overcharges collected by any prior owner. However, in the absence of collusion or any relationship between such owner and any prior owner, where no records sufficient to establish the legal regulated rent were provided at a judicial sale, a current owner who purchases upon such judicial sale shall be liable only for his or her portion of the overcharges” (9 NYCRR 2526.1 [f] [2]). We interpret the words “in the absence of collusion or any relationship” to mean that there must be no relationship between the prior and current owners such as would tend to show that the transfer of the property was not made in good faith but was in fact between parties that were united in interest. We do not believe that the words “any relationship” were intended to include the ordinary mortgagor-mortgagee relationship, where there is no unity of interest between the prior and current owners.
Nor do we believe that landlord’s appointment of one of the prior owners to be managing agent necessarily leads to the conclusion in this case that the prior and current owners were united in interest. We note that the appointment took place more than six months after the foreclosure sale and that the weight of the evidence establishes that there was an adversarial relationship between the prior owners and landlord’s husband during the pendency of the foreclosure proceedings.
We reject the trial court’s conclusion that a mortgagee who purchases at a foreclosure sale has a greater burden of inquiry than other purchasers at foreclosure sales (cf., UCC 9-504 [4]; Federal Home Loan Mtge. Corp. v Singh, NYLJ, Mar. 3, 1993, at 23, col 4 [Civ Ct, Bronx County, Turner, J.]). So long as the purchasing mortgagee was not on notice of the rent overcharge (see, e.g., Nicholas A. Gravante, P. C. v Gennaro Lombardi *219 Corp., 228 AD2d 231; Lincoln Sav. Bank v Amerasian Realty Corp., 168 Misc 2d 391), he should not be liable for the overcharges by the prior owner.
Matter of Goldstein v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin. (226 AD2d 722) is not to the contrary. Goldstein involved a mortgagee who went into possession and collected rents for a substantial period of time before the foreclosure sale. Under those circumstances, the purchasing mortgagee was properly chargeable with knowledge of the rent records.
For the foregoing reasons, the judgment is reversed and tenant’s counterclaims are dismissed.
Kassoff, P. J., Aronin and Chetta, JJ., concur.