■ In the Matter of BRIAN S. STEFFEY, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [715 NYS2d 835] —Order and judgment (one paper), Supreme Court, New York County (Michael Stallman, J.), entered March 13, 2000, which denied petitioner tenant's application to annul respondent Division of Housing and Community Renewal's (DHCR) determination that various apart-

ments in the subject building, including petitioner's, are exempt from rent regulation, and dismissed the petition, unanimously affirmed, without costs.

· DHCR's determination that the subject building was substantially rehabilitated, and that the apartments of post-rehabilitation tenants are therefore exempt from rent stabilization (Emergency Tenant Protection Act of 1974 [L 1974, ch 576, § 4, as amended] § 5 [a] [5] [McKinney's Uncons Laws of NY § 8625 (a) (5)]; Rent Stabilization Code [9 NYCRR] § 2520.11 [e]), has a rational basis in the landlord's documentation showing extensive renovations to the building (DHCR Operational Bulletin 95-2; *see generally, Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231; *Matter of Salvati v Eimicke*, 72 NY2d 784, 791). The possibility that the landlord might have been able to recoup its expenses through major capital improvement rent increases is pertinent to but not conclusive of whether there was a substantial rehabilitation (*see, Thames Corp. v Veterans Serv. Corp.*, NYLJ, Mar. 23, 1994, at 27, cols 5, 6, explaining *Pape v Doar*, 160 AD2d 213). Petitioner's claim that his apartment was not subject to rent regulation on December 31, 1973, and therefore was not subject to the substantial rehabilitation exemption, was not raised before the Rent Administrator, and was therefore properly refused consideration by the motion court (*see, Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, 757, *affd* 58 NY2d 952). Concur—Tom, J. P., Mazzarelli, Ellerin, Lerner and Andrias, JJ.