930-940, LLC v Farley (2021 NY Slip Op 50634(U))

[*1]

930-940, LLC v Farley

2021 NY Slip Op 50634(U) [72 Misc 3d 130(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-2215 K C

930-940, LLC, Appellant,
against
Sheila Farley and Lawrence Ellington Farley, Respondents.

Butnick & Levenson, LLP (Joshua Butnick of counsel), for appellant.
Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP (Ron Languedoc of counsel),
for respondents.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County
(Laurie Lynne Lau, J.), entered August 27, 2018. The final judgment, insofar as appealed from as
limited by the brief, after a nonjury trial, awarded tenants on their counterclaim for overcharge to
the extent that overcharges were collected by landlord's predecessors, in a nonpayment summary
proceeding.

ORDERED that the final judgment, insofar as appealed from, is affirmed, without costs.
In their answer to this nonpayment proceeding, tenants interposed, insofar as is relevant to
this appeal, a counterclaim for overcharges collected by landlord as well as by landlord's
predecessors. Following a nonjury trial, the Civil Court dismissed the petition and awarded
tenants the principal sum of $120,677.72, finding that tenants had been overcharged and that
landlord was responsible for all overcharges, including those collected by landlord's
predecessors. As limited by its brief, landlord appeals from so much of the final judgment as
awarded tenants overcharges collected by landlord's predecessors.
It is undisputed that a Division of Housing and Community Renewal rent reduction order,
effective July 1, 1993, reduced the legal rent of the apartment to $381.80 per month, and that an
order restoring the rent was not issued until June 20, 2013, effective March 1, 2013. Tenants took
possession of the apartment in 2008, and landlord does not argue on appeal that there was no rent
overcharge. Rather, landlord argues that it took title to the building on June 6, 2013 [*2]under circumstances triggering the carryover liability exemption
(see Rent Stabilization Code [9 NYCRR] § 2526.1 [f] [2] [i]), noting that it had no
relationship with the "prior owner," it did not collude with the "prior owner," and "no records
sufficient to establish the legal regulated rent were provided at a judicial sale, or other such sale
effected in connection with . . . a bankruptcy proceeding."
It is clear from the record that landlord was on notice of the rent overcharge (see Matter
of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 551
[1997]; Matter of Goldstein v New York State Div. of Hous. & Community Renewal,
Off. of Rent Admin., 226 AD2d 722 [1996]; Ouziel v Brito, 176 Misc 2d 216, 218
[App Term, 2d Dept, 2d & 11th Jud Dists 1998]). Landlord's witness, Seth Miller, testified
that he is "effectively" half-owner of the building. Tenants submitted evidence that, prior to June
6, 2013, Miller had personal knowledge of a rent restoration application filed in February 2013
which resulted in the June 20, 2013 restoration order. Tenants also demonstrated that, in March
2013, Miller, as the agent of a named party in a Supreme Court action, had acknowledged receipt
of a complaint filed by tenants in that action in which it was alleged that there was a rent
overcharge based upon, among other things, the 1993 rent reduction order. While Miller denied
knowledge of any relevant information, the Civil Court did not credit his testimony. Thus, the
record supports both the Civil Court's finding that the carryover liability exemption had not been
established and its award of damages for overcharges collected by the prior owners of the
property (see Matter of Goldstein, 226 AD2d 722).
Accordingly, the final judgment, insofar as appealed from, is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021