■ In the Matter of ROUND HILL MANAGEMENT COMPANY, Respondent, v RICHARD L. HIGGINS, as Commissioner of the New York State Division of Housing and Community Renewal, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Eve Preminger, J.), entered August 7, 1990, which, *inter alia,* granted petitioner Round Hill Management Company's petition pursuant to CPLR article 78 to the extent of annulling respondent's award of treble damages for excess rents charged after April 1, 1984, unanimously affirmed, with costs.

In this overcharge proceeding, petitioner-landlord failed to submit a rent history for the subject rent stabilized apartment for the period July 1, 1975, when the apartment was decontrolled, through January 15, 1978, because, it said, when it purchased the building in February 1980, the records turned over to it by the previous owner were incomplete. There is no dispute that all increases in the tenant's rent after petitioner's purchase of the building were based on the $200 a month rent provided in her initial January 15, 1978 to January 14, 1980 lease with the previous owner, and fully in compliance with applicable guidelines. Applying the formulas it uses in the absence of a full rent history, respondent Division of Housing and Community Renewal (DHCR) fixed the initial 1978 rent at $176.21, and, finding no evidence that petitioner

did not act willfully in imposing charges in excess of that amount, assessed a treble damages penalty on the overcharges that occurred after April 1, 1984 pursuant to Administrative Code of the City of New York § 26-516 (a). That statute provides for the imposition of treble damages on an overcharge, unless the owner establishes by a preponderance of the evidence that the overcharge was not "willful".

Petitioner's Petition for Administrative Review was denied by respondent on the ground that its failure to obtain complete records from the previous owner could not "excuse its default in submitting a full rental history", since "[i]t should have been aware [at the time of purchasing the building] of its responsibility to obtain and submit such records." More than a simple failure to submit a complete rent history is required, respondent ruled, for an owner to establish, by a preponderance of the evidence, that an overcharge was not willful.

Petitioner instituted the instant article 78 proceeding, challenging both the amount fixed as the initial rent as well as the award of treble damages. IAS confirmed respondent's determination of the initial rent, but annulled its award of treble damages on the grounds that petitioner "demonstrated that the rent records it received from the prior owner were incomplete" and that it "made a valid but unsuccessful attempt to obtain the rent history" after receiving notice of the proceeding, that the "[r]ents for comparable apartments were similar to the instant tenant's, and would not have placed petitioner on notice of an overcharge in this case", that "[t]here is simply no evidence in the record that petitioner did not act in good faith", and that "no rational basis" exists for respondent's finding that the overcharge was willful. DHCR appeals from so much of IAS's judgment as annulled its award of treble damages. We affirm.

An owner should not be penalized with treble damages for failing to provide rent records for a period of time before it succeeded to ownership where, as here, the owner had every reason to suppose, at the time of taking ownership, that the rent then being charged was not in excess of the lawful rent. Petitioner asserts, and respondent does not deny, that the subject apartment is located in a three-building complex that has ten other apartments identical to the subject apartment, that the $200 a month rent in effect at the time of purchase was equal to or lower than the rent then being charged for all of these ten other identical apartments, and that the $200 a month rent was well below the market rate. Given such circumstances, it is indeed irrational to characterize the over-

charge found by respondent by application of its default formula as "willful". Respondent made no finding, as such, that $200 a month was in excess of the then lawful rent. What it did was conclude that petitioner's failure to obtain a full rent history from the prior owner was no excuse for its "default" in submitting same at the overcharge proceeding, since it should have been aware of its responsibility to obtain and submit such records when it purchased the building. Such a default clearly justified application of respondent's formula for the purpose of fixing the initial rent. A finding of willfullness, or, more precisely, a finding that the preponderance of the evidence does not show non-willfullness, and liability for treble damages, should not depend on the mechanical application of formulas designed to give the tenant every benefit of the doubt created by an owner's failure to provide complete records. It should depend on a finding as to whether the owner had reason to know that the amount it was charging was in excess of the lawful rent. Here, petitioner showed, by a preponderance of the evidence, that it did not have reason to know that $200 a month was in excess of the lawful rent. Concur—Murphy, P. J., Wallach, Kupferman and Ross, JJ.