■ In the Matter of ARGO CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [595 NYS2d 760] —Order and judgment (one paper), Supreme Court, New York County (DeGrasse, J.), entered November 10, 1992, dismissing a CPLR article 78 proceeding challenging the determination of respondent New York State Division of Housing and Community Renewal (DHCR) assessing petitioner Argo Corp. (Argo) treble damages for a rent overcharge, unanimously affirmed, without costs.

The imposition of treble damages was proper because Argo did not meet its burden under Rent Stabilization Code (9 NYCRR) § 2526.1 of establishing by a preponderance of the evidence that the rent overcharge was not willful. The record shows that Argo, which admitted the overcharge 18 months after the tenant filed his complaint, never followed through on its promise to DHCR to refund the money to the tenant. These circumstances indicate that Argo "had reason to know that the amount it was charging was in excess of the lawful rent" *(Matter of Round Hill Mgt. v Higgins*, 177 AD2d 256, 258). Argo's contention that it should have received formal notice, pursuant to the agency's Policy Statement 89-2, of the possible imposition of treble damages was not argued in the Petition for Administrative Review (PAR) proceedings, and therefore could not have been raised in the trial court *(see, Matter of*

*Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, 757, *affd* 58 NY2d 952). In any event, that Policy Statement, promulgated a year after Argo and the tenant filed their PARs, affords Argo no relief because Argo received actual notice of and responded to the tenant's request for imposition of treble damages, and the DHCR was aware of, but did not find that Argo's later reduction in the rent, barred imposition of treble damages. Thus, DHCR's finding of willfulness in support of its assessment of treble damages had a rational basis and was neither arbitrary nor capricious. Concur—Murphy, P. J., Carro, Rosenberger and Ross, JJ.