■ In the Matter of 4947 ASSOCIATES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [605 NYS2d 91] —Judgment, Supreme Court, New York County (Eugene Nardelli, J.), entered August 25, 1992, which, in a proceeding pursuant to CPLR article 78, denied petitioner owner's application to annul respondent Division's determination fixing respondent tenant's initial rent and awarding treble damages for willful rent overcharges, and dismissed the proceeding, unanimously affirmed, without costs.

Contrary to the owner's argument, the stipulation settling the nonpayment proceeding in Housing Court, which neither mentioned an agreed upon rental pursuant to the Rent Stabilization Code nor contained an express waiver of the tenant's right to bring a rent overcharge claim before the Division, did not bar the instant proceeding *(cf., Matter of 430 Realty Corp. v New York State Div. of Hous. & Community Renewal,* 196 AD2d 725). The owner's failure to obtain a full rental history from the prior owner when it took title to the building, and its apparent later efforts to obtain the pertinent documents by bringing a lawsuit against the former managing agent of the building, did not excuse its default in submitting a full rental history at the overcharge proceeding or otherwise render

unjustified the Division's application of its default formula in fixing the initial rent *(see, Matter of Lavanant v State Div. of Hous. & Community Renewal,* 148 AD2d 185, 189; *Matter of 60 Gramercy Park Co. v State of N. Y. Div. of Hous. & Community Renewal,* 188 AD2d 371, 373). Unlike *Matter of Round Hill Mgt. v Higgins* (177 AD2d 256, 257), relied upon by the owner, in which the owner there asserted that at the time it took title the rent then being charged for the subject apartment was the same or lower than that being charged in 10 other identical apartments in the same building complex and was well below the market rate, here the owner offered no proof to sustain its burden of showing that its rent overcharge was not willful and, indeed, it must have known from its own rent rolls that the rent was excessive since it was nearly double that of similar apartments in the same line in the building. Concur—Sullivan, J. P., Kupferman, Asch and Rubin, JJ.