■ In the Matter of GERMAN NAGOBICH, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [606 NYS2d 190] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered on or about September 18, 1992, which, in a proceeding pursuant to CPLR article 78, denied petitioner's application to annul respondent's determination that petitioner had willfully overcharged the complaining tenant, unanimously modified, on the law and the facts, the petition is granted to the extent of annulling the determination that the overcharge was willful, and the matter is remitted for further proceedings, to recalculate the amount of the overcharge without costs.

Contrary to respondent's arguments on appeal, it is plain that its denial of a rental increase for alleged improvements to the subject apartment was based exclusively on the fact that the alleged improvements were paid for out of the proceeds of hazard insurance, and the determination can be sustained only on that ground (see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 594). Respondent's interpretation of former Code of the Rent Stabilization Association of New York City, Inc. § 20 (C) (1) as not permitting rent increases based on improvements wholly paid for by insurance proceeds is rational. The cost of insurance is already factored into the calculation of the regulated rent, and thus the insurance recovery does not represent an outlay of new capital that may be recouped by permanently adding 1/40th of the cost of the expense to the rent. The statutory scheme permits a rent increase only for an "improvement", and rationally does not include repairs paid for by insurance policies already financed by the rents collected. Concerning the issue of willfulness, petitioner maintains that members of the Rent Stabilization Association counseled him that a rent increase was permissible under the circumstances, and that he had no reason to know that he could not lawfully claim an improvement, as indeed the precedent relied on by respondent consists of only one unreported case. Under these circumstances, petitioner has established that he did not have reason to know that the overcharge was unlawful, and treble damages should not have been awarded (see, Matter of Round Hill Mgt. Co. v Higgins, 177 AD2d 256). Concur—Sullivan, J. P., Carro, Rosenberger and Wallach, JJ. [As amended by unpublished order entered Apr. 26, 1994.]