■ In the Matter of KRYSTAL HARGROVE, Respondent-Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant-Respondent. [664 NYS2d 767] —Judgment, Supreme Court, New York County (Lewis Friedman, J.), entered October 28, 1996, which granted that portion of petitioner tenant's application pursuant to CPLR article 78 which sought to annul

respondent Division of Housing and Community Renewal's (DHCR) denial of a rent freeze for the years 1991-1994, and denied that portion of the application which sought to annul DHCR's determination that the subject rent overcharge was nonwillful, unanimously modified, on the law and the facts, to annul DHCR's determination that the overcharge was nonwillful, and to direct the imposition of treble damages pursuant to Administrative Code of the City of New York § 26-516 (a), and otherwise affirmed, without costs.

Administrative Code § 26-517 (e) provides that a landlord who serves and files a late registration shall not be found to have collected an overcharge at any time prior to the filing of the late registration, and thus is not subject to a rent freeze penalty, "provided that increases in the legal regulated rent were lawful except for the failure to file a timely registration". Here, it is undisputed that the overcharge was not attributable to nonregistration, i.e., to legally regulated increases in rent beyond that in effect on the date of the last preceding registration, but rather to the charging of a free market rent, which the landlord claims it charged because of a mistaken belief that "J-51" tax benefits had expired. Since this overcharge was collected prior to the landlord's filing of the late registration and was not otherwise lawful, the court properly annulled DHCR's determination to the extent it did not impose a rent freeze for the years that the apartment was unregistered. Moreover, to the extent that DHCR Operational Bulletin 95-3 compels a different result where the nonregistration related overcharge is nonwillful, we agree with the IAS Court that the Bulletin impermissibly adds a requirement of willfulness to the statute and is out of harmony therewith (see, Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471, 480-481; Matter of Eastern Pork Prods. Co. v New York State Div. of Hous. & Community Renewal, 187 AD2d 320).

An overcharge is presumed willful, and warrants a treble damage award under Administrative Code § 26-516 (a), "unless the owner establishes by a preponderance of the evidence that the overcharge was not 'willful' " (Matter of Round Hill Mgt. Co. v Higgins, 177 AD2d 256, 257). We find that there is no rational basis in the record to support DHCR's determination that the landlord's claimed misinterpretation of the J-51 law was in good faith, and that the overcharge was nonwillful, particularly in light of the fact that the landlord initially stated that it thought the J-51 benefits had expired in June 1989, after petitioner commenced occupancy, and only changed its position to state that it thought the benefits had expired in June

1988, before petitioner commenced occupancy, when it learned that even if the 1989 date were correct, the apartment still would have been rent stabilized for the entire term of petitioner's occupancy. We also find incredible the landlord's statement that the first time it learned that the J-51 exemption and abatement benefits expired in 1989 and 1994, respectively, was the Rent Administrator's letter to that effect in March 1995, and question why the landlord did not, for the purpose of rebutting the presumption of willfulness, come forward with some evidence that it did not take advantage of these benefits after 1988, when it purportedly believed the benefits had expired. Finally, the landlord's refund of the overcharge amount with interest did not rebut the presumption of willfulness, where, as here, the refund was not tendered until after the landlord interposed an answer to the complaint, and did not cover the period from 1988-1989, which, while outside of the four-year Statute of Limitations, was nonetheless part of the entire overcharge. Accordingly, we modify to annul the determination of nonwillfulness, and to direct the imposition of treble damages. We have considered respondent's other arguments, and find them to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Rubin and Tom, JJ.