OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs, and order dated May 31, 1996 modified by vacating the award in favor of tenant and remanding the matter for recalculation of the amount of the overcharge in accordance with the following memorandum.
Order dated January 22, 1997 unanimously modified by providing that upon reargument tenant’s application for treble damages is denied in part and remanded for trial in part in accordance with the following memorandum and as so modified affirmed without costs.
Landlord commenced this nonpayment proceeding seeking to recover monthly rent of $765 for October, November and December 1995. Tenant answered, counterclaiming for rent overcharges collected between March 1994 and September 1995 and for treble damages. Upon a motion for partial summary judgment with respect to his counterclaims, tenant showed, inter alia, that the rent listed in the 1991 annual registration statement, which was the statement filed four years prior to *671 the most recent registration statement, was $405.04; that the rent listed on the 1992 statement was also $405.04; that the rent listed on the 1993 statement, after a vacancy, was $750; and that the 1994 statement showed that tenant took possession for a term beginning March 1, 1994 at a rent of $765. Tenant argued that the legal rent remained $405.04 because of landlord’s failure to file proper registration statements and that he was entitled to the difference between that amount and the amount that he had been paying and to treble damages.
In opposition, landlord’s managing agent averred that landlord took title in July 1995; that landlord did not willfully overcharge tenant; that the rent roll that landlord received indicated that tenant’s legal registered rent was $765; and that it was only after the commencement of this proceeding that landlord learned of the overcharge. Landlord argued that the amount of the overcharge should be calculated as the difference between what tenant had paid and the amount that he would have paid if all the vacancy, MCI and renewal increases were allowed.
Initially, the Housing Court granted tenant’s motion for partial summary judgment only with respect to the overcharges and denied it with respect to treble damages. With respect to the latter, the court reasoned that it was not shown that the overcharges were willful. The court calculated the amount of the overcharge based on the legal rent of $405.04, reasoning that landlord was barred from collecting any rent in excess of the legal regulated rent shown on the 1992 statement, which was the last proper statement. Upon motions by both sides for reargument, the court granted tenant’s motion and awarded tenant treble damages on the ground that landlord had offered no evidence to establish that the overcharge was not willful. On appeal, landlord challenges the court’s calculation of the amount of the overcharge and its imposition of treble damages.
In our view, the amount of the overcharge should be calculated as the difference between what tenant was charged and what the rent would have been, including the lawful vacancy, renewal and MCI increases. In ruling otherwise, the Housing Court relied on the language of Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-517 (e), which bars an owner who fails to file a proper and timely registration statement from collecting any rent in excess of the legal regulated rent in effect on the date of the last preceding statement. However, the purpose of that provision is to impose a penalty for the failure to register and not to supply a basis *672 for the calculation of rent overcharges where a landlord registers an incorrect amount. The provision governing the calculation of rent overcharges is Rent Stabilization Law § 26-516 (a) (i), which provides in relevant part that: “the legal regulated rent for purposes of determining an overcharge, shall be the rent indicated in the annual registration statement filed four years prior to the most recent registration statement * * * plus in each case any subsequent lawful increases and adjustments.” (Emphasis added.)
We understand the emphasized words to refer to the vacancy and renewal increases permitted by the Rent Stabilization Law and established by the Rent Guidelines Board (see, former Code of Rent Stabilization Association of New York City, Inc. § 20 [A]) plus any other authorized increases such as those that may be authorized for building-wide major capital improvements. We do not understand the emphasized words as being intended to deny these increases to a landlord based on his registration of an incorrect amount. We note that the Division of Housing and Community Renewal itself apparently allows the increases in its calculations of rent overcharges (see, e.g., Matter of Premraj, Administrative Review docket No. HC110003RO [Feb. 7, 1996]). Accordingly, while tenant’s motion for summary judgment with respect to the overcharges is granted the matter is remanded for recalculation of the amount of the overcharges after allowing landlord the lawful increases.
With respect to landlord’s challenge to the imposition upon it of liability for treble damages, it is our view that these damages caniiot be awarded against landlord for the overcharges that were collected by the prior owner.
Carryover liability for rent overcharges is not provided for in the Rent Stabilization Law but is a product of judicial decisions and subsequent regulatory adoption (9 NYCRR 2526.1 [f| [2]; see, e.g., Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 549; Turner v Spear, 134 Misc 2d 733). The rationale underlying the extension of liability to subsequent purchasers is said to be that a purchasing owner has the opportunity to review the building’s relevant rent history and to provide for protection in the sales contract against liability for rent overcharges. In addition, the imposition of liability upon subsequent owners provides tenants with a simplified procedure for recovering overcharges (cf., Coulston v Singer, 86 Misc 2d 1001, 1003).
Assuming the validity of the judicial and regulatory extensions of liability for the basic overcharges to subsequent own *673 ers, we nevertheless find no sufficient predicate for the imposition of liability for treble damages upon the subsequent owners. Treble damages are not compensatory to the tenant but like punitive damages generally are penal in nature and are designed to punish and deter proscribed or offensive conduct (see, e.g., Lyke v Anderson, 147 AD2d 18; Atamanuk v Wong, 82 Misc 2d 1059, 1060). It has long been the rule with respect to punitive damages that the motive of one party cannot be imputed to another party (see, Krug v Pitass, 162 NY 154).
As a rule, punitive damages cannot be imposed upon one who did not participate in the offensive conduct. “Exemplary or punitive damages, being awarded, not by way of compensation to the sufferer, but by way of punishment of the offender, and as warning to others, can only be awarded against one who has participated in the offense” (Lake Shore Ry. Co. v Prentice, 147 US 101, 107, quoted in Craven v Bloomingdale, 171 NY 439, 447). “[The imposition of exemplary damages] is only justifiable in an action against the wrongdoer, and not against persons who, on account of their relation to the offender, are only consequentially liable for his acts” (Lake Shore Ry. Co. v Prentice, 147 US 101, 109, supra, quoting Keene v Lizardi, 8 La 26, 33).
In light of these principles, treble damages cannot, consistent with the Rent Stabilization Law’s requirement of willfulness (Rent Stabilization Law § 26-516 [a]), ordinarily be imposed upon a current owner for the overcharges collected by the prior owner. To the extent that the Rent Stabilization Code extends liability for treble damages for such overcharges to current owners (see, 9 NYCRR 2526.1 [f] [2]), it is out of harmony with the statute that it is designed to implement and with established principles of law and cannot be applied (see, e.g., United States v Larionoff, 431 US 864; Matter of Campagna v Shaffer, 73 NY2d 237, 242-243; Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471, 480-481; Matter of Hargrove v Division of Hous. & Community Renewal, 244 AD2d 241).
The issue of whether landlord is liable for treble damages on that portion of the overcharges which it collected cannot be determined at this juncture because it involves questions of credibility and must be left for trial. We note that tenant is entitled to interest on the portion of the overcharges for which *674 treble damages are not awarded (Rent Stabilization Law § 26-516 [a]).
Scholnick, J. P., Chetta and Patterson, JJ., concur.