In the Matter of MARGARET MILLER et al., Appellants, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [733 NYS2d 860] —Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered on or about March 9, 1999, which denied petitioners landlords' application to annul respondent Division of Housing and Community Renewal's (DHCR) determination of a rent overcharge and imposition of treble damages, and dismissed the petition, unanimously affirmed, without costs.

The court-ordered stipulation of settlement of a prior tenant's overcharge complaint, on which petitioners rely to rebut the presumption of willfulness inherent in DHCR's finding of an overcharge in this proceeding (*see, Matter of Hargrove v Division of Hous. & Community Renewal,* 244 AD2d 241, 242), was not raised before DHCR or the motion court, and we decline to review it (*see, Matter of Featherstone v Franco,* 95 NY2d 550, 554). We have reviewed and rejected petitioners' other arguments. The record does not support petitioners' assertion that DHCR's files of various claims made by various tenants in petitioners' building contain all of the documents necessary to support petitioners' claims herein. In any event, it was not the Rent Administrator's responsibility to go through these files of past proceedings involving petitioners' building in order to glean documents necessary to establish petitioners' arguments. The delay in processing the Petition for Administrative Review was inordinate but not prejudicial, and therefore does not require vacatur of DHCR's determination (*see, Matter of Harris & Assocs. v deLeon,* 84 NY2d 698, 703). The four-year limitation on respondent's review of rental history contained in Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516, as amended, is inapplicable to the instant complaint

filed prior to April 1, 1984 (*Matter of Mengoni v New York State Div. of Hous. & Community Renewal*, 97 NY2d 630; *Matter of Peppie Realty Corp. v Division of Hous. & Community Renewal*, 265 AD2d 173). DHCR properly disregarded the stipulation entered into by the parties since it was not executed until after the Rent Administrator's determination, and was not approved by either DHCR or the court (Rent Stabilization Code [9 NYCRR] § 2520.13; *see, Matter of 47-40 41st Realty Corp. v New York State Div. of Hous. & Community Renewal*, 225 AD2d 547). DHCR's default calculation for determining the legal rent was rationally based on the lowest rent for an apartment in the same line (*see, Matter of 61 Jane St. Assocs. v New York City Conciliation & Appeals Bd.*, 108 AD2d 636, *affd* 65 NY2d 898; *Matter of Greenthal Co. v State Div. of Hous. & Community Renewal*, 126 Misc 2d 795, 800). Respondent did not violate the 60-day rule of 22 NYCRR 202.48. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Marlow, JJ.