*170 OPINION OF THE COURT
Dianne T. Renwick, J.
Petitioner East 163rd Street LLC commenced this CPLR article 78 proceeding, seeking judicial review of the decision by respondent, New York State Division of Housing and Community Renewal (DHCR), holding petitioner responsible for rent overcharges paid by the tenant to the previous owner and current owner of the apartment building. While challenging the decision on other grounds, petitioner places primary emphasis on its claim that the imposition of treble damages against the current owner was unlawful because the illegal rent had been instituted by the prior owner and the current owner made diligent efforts to cure the defect.
Factual Background and Procedural History
On or about May 1, 1999, tenant Clorinda Gamble took occupancy of rent-stabilized apartment 2-G at 945 East 163rd Street in New York City, at the stated rent of $850. At the time, the building was owned by Dorchester Equities. On or about February 14, 2000, the tenant filed a complaint with DHCR alleging that she had been overcharged rent from the time she moved into the premises. By the time the complaint was filed, Dorchester Equities had sold the property to East 163rd Street LLC. Evidence ultimately taken by DHCR shows that the previous tenant’s rent was $602.74.
Soon after the tenant’s complaint was filed, DHCR notified Dorchester Equities (the previous owner), affording it time to answer the charges. The previous owner filed no answer to the complaint. (Dorchester Equities remained the registered owner on file with DHCR until East 163rd Street LLC registered as the new owner in May 2000). When no response was submitted, on April 27, 2000, DHCR again notified and transmitted the tenant’s complaint of a rent overcharge to the previous owner. Subsequently, on August 23, 2000, DHCR served the new owner, East 163rd Street LLC, the tenant’s application and DHCR’s final notice of the proposed findings of rent overcharge and penalty of treble damages. It gave the new owner 21 days to respond. East 163rd Street LLC, however, did not respond to the request for additional information. Nor did it seek an extension to do so.
On September 28, 2000, DHCR’s Rent Administrator (RA) issued a final order finding a rent overcharge. It also imposed treble damages for the two years preceding the filing of the *171 complaint, based upon petitioner’s failure to establish that the overcharge was not willful.[1] By the time the Rent Administrator issued its rent overcharge order, the new owner had collected about nine months of rent from the tenant. On October 18, 2000, the new owner filed a petition for administrative review (PAR). In its PAR, East 163rd Street LLC conceded that there had been an overcharge. It, however, contested treble damages as unlawful. Petitioner argues that a finding of a willful overcharge against it was unwarranted because it overcharged the tenant based on information provided by the previous owner and it made diligent efforts to cure it. Petitioner claims that, upon learning of the court order finding the overcharge, it refused to accept any rent payments and credited the tenant for the overcharges it had collected of about $2,000.
On January 4, 2002, DHCR’s Commissioner issued an order denying the owner’s petition for administrative review. East 163rd Street LLC then commenced an article 78 proceeding, seeking judicial review of DHCR’s determination. On August 19, 2002, Supreme Court, Bronx County (Justice Ruiz), remanded the owner’s application to DHCR for a new administrative appeal of the agency’s determination. Consistent with the remand order, on October 1, 2002, the parties entered into a stipulation “for further processing at the administrative appeal level, including an opportunity for one submission of material facts, and issuance of new order.”
On January 15, 2003, DHCR sent petitioner the notice of opportunity to submit evidence. On February 14, 2003, DHCR received a response from the owner, which consisted of a copy of its original article 78 petition. In the application, petitioner avers four grounds for the reversal of the denial of the PAR. First, it argues that reversal of the Rent Administrator’s determination is mandated by DHCR’s failure to comply with DHCR Policy Statement 89-2 (Feb. 27,1989), which mandates the sending of two separate notices to a landlord of the proposed treble damages.[2] Secondly, it argues that DHCR erred in calculating the rent overcharge by failing to compute the additional vacancy rent increase the landlord was entitled to based upon the prior *172 tenant’s period of occupancy (12 years). Thirdly, it argues that the treble damages imposed against it were unlawful because it was not responsible for the presumed willfulness of the overcharge by the prior owner, citing Heights Assoc. v Bautista (178 Misc 2d 669 [App Term, 2d Dept 1998]). Lastly, it argues that no factual basis existed to find that the new owner had been willful in overcharging rent to the tenant because of its diligent efforts to cure it, by refusing to take any rent and crediting the overcharge collected from the tenant upon learning of the overcharge order.
On May 29, 2003, DHCR’s Commissioner issued an order granting in part and denying in part East 163rd Street LLC’s application for administrative review. It granted the application to the extent of reducing the rent overcharge by taking into account that the legal rent should have been increased by the 7.2% vacancy allowance based upon the prior tenant’s 12-year period of tenancy.[3] DHCR denied the application to the extent it found that “the owner has not established by a fair preponderance of the evidence that the overcharge was not willful.” DHCR found that the “alleged credit given to the tenant is not documented other than a letter sent to the tenant after the Rent Administrator’s order was issued and does not constitute a full refund of all excess rent collected plus interest.” East 163rd Street LLC then commenced this second article 78 proceeding.
Discussion
The role of a court in its examination of an administrative decision, pursuant to CPLR article 78, is a limited one. The function of judicial review in an article 78 proceeding is not to weigh the facts and merits de novo and substitute the court’s judgment for that of the agency’s determination. (Greystone Mgt. Corp. v Conciliation & Appeals Bd., 94 AD2d 614, 616 [1st Dept 1983], affd 62 NY2d 763 [1984].) Rather, upon a judicial review of a determination rendered by an administrative body after a hearing, the issue presented for the reviewing court’s consideration is limited to whether the determination was in violation of lawful procedure, was affected by an error of law, or was *173 arbitrary or capricious, or an abuse of discretion. (CPLR 7803 [3].) What is reviewed under this standard is the rationality of the agency’s determination. (Matter of Pell v Board of Educ., 34 NY2d 222 [1974].) Only if the record, as a whole, reveals the agency’s determination has no rational basis may a court overturn that determination. (Id.)
Since the finding of a rent overcharge is undisputed, the only issue to be reviewed is the assessment of treble damages. Preliminarily, the court finds no merits to petitioner’s allegation that the treble damages determination was vitiated by DHCR’s failure to provide petitioner a second notice of the proposed treble damages pursuant to Policy Statement 89-2, which contemplates two separate notices of the proposed assessment of treble damages unless proof is submitted to overcome the presumption of a willful overcharge.[4] Under article 78, a court’s duty is to make sure that a landlord was given a fair and meaningful opportunity to present evidence on the issue of the willfulness of the overcharge before DHCR’s final determination. (Metz v Division of Hous. & Community Renewal, 113 AD2d 758 [2d Dept 1985].)
Here, it cannot be seriously disputed that petitioner received a fair and meaningful opportunity to present evidence on the issue of the willfulness or lack of willfulness of the overcharge. Before making a final determination, DHCR sent a letter to petitioner notifying it of the proposed treble damages finding and allowing 21 days to submit a response, which petitioner never did. Nor did it seek an extension to do so. Nevertheless, petitioner was provided a second opportunity to provide evidence when the proceedings were remanded to DHCR for a new appeal of the denial of the application for administrative review. At such time, petitioner simply alleged that it had made diligent efforts to cure the overcharge upon learning of the RA order. DHCR, however, discredited the allegation since it was supported by scant evidence, i.e., a letter sent to the tenant. More important, DHCR determined that such allegation, even if credited, was insufficient to overcome the presumption of willfulness. Under the circumstances, Policy Statement 89-2 offers petitioner no relief because it received actual notice of the proposed findings of treble damages and ample opportunity to oppose it. (Cf. Argo Corp. v New York State Div. of Hous. & Community Renewal, 191 AD2d 341 [1st Dept 1993].)
*174 Nor does this court find any basis on the law or on the facts to overturn DHCR’s determination that petitioner failed to overcome the presumption of the willfulness of the overcharge. The burden of establishing lack of willfulness is on the landlord. (Metz v Division of Hous. & Community Renewal, 113 AD2d 758 [2d Dept 1985].) A rent overcharge is presumed willful unless a landlord proves “by a preponderance of the evidence” that it was not. (See 9 NYCRR 2506.1 [a] [1]; Miller v Division of Hous. & Community Renewal, 289 AD2d 20 [1st Dept 2001]; Hargrove v Division of Hous. & Community Renewal, 244 AD2d 241 [1st Dept 1997].) DHCR interprets this to mean that “where an owner submits no evidence or where the evidence is equally balanced, the overcharge is deemed to be willful.” (DHCR Policy Statement 89-2; see also, Goldstein v New York State Div. of Hous. & Community Renewal, 226 AD2d 722 [2d Dept 1996].)
This court finds no merit to petitioner’s allegation that its alleged diligent efforts to cure the defect — by refusing to take any rent and crediting the collected overcharge upon learning of DHCR’s overcharge order — rebuts the presumption of willfulness. What petitioner alludes to is DHCR’s Policy Statement 89-2, which provides, in pertinent part, that a landlord can meet its burden of proof in establishing lack of willfulness where it demonstrates a “good faith” attempt to remedy the overcharge by “adjusting] the rent on [its] own within the time afforded to interpose an answer to the proceeding” and submits proof to DHCR that it had tendered to the tenant “a full refund of all excess rent collected, plus interest.” (See DHCR’s Policy Statement 89-2 [issued by Elliot G. Sander, Deputy Commissioner, on Feb. 27, 1989].)
DHCR properly denied the alleged good faith attempt to remedy the overcharge since it did not comply with Policy Statement 89-2. DHCR properly discredited the claim since it was not supported by any proof except the single letter sent to the tenant. Even if the claim were credible, it was insufficient, as DHCR held, to comply with Policy Statement 89-2. First, the rent adjustment was untimely. The good faith attempt to remedy the overcharge was required to be made “within the time afforded to interpose an answer to the proceeding.” (See, DH-CR’s Policy Statement 89-2, supra.) While the complaint was sent to petitioner on or about August 23, 2002, it was not until after the RA issued its final rent overcharge order, on September, 28, 2002, that the landlord attempted to cure it. Second, the purported attempt to cure fell short of Policy Statement 89-2, *175 which mandates “a full refund of all excess rent collected, plus interest.” Yet, in this case, petitioner never refunded any of the excess rent collected, plus interest (totaling over $4,000). Instead, it just partially credited the account for $2,000, which is presumably the overcharge it collected. Significantly, the new owner ignored the overcharge collected by the previous owner despite its legal obligations to refund it. (See, 9 NYCRR 2526.1 [f] [2]; Turner v Spear, 134 Misc 2d 733 [Civ Ct 1987].) Under the circumstances, DHCR’s rejection of the landlord’s claim of a good faith attempt to cure the overcharge as insufficient has a rational basis on the record and was neither arbitrary nor capricious. (Cf. Hargrove v Division of Hous. & Community Renewal, 244 AD2d 241 [1st Dept 1997].)
Nor does this court find any basis in fact or the law to support petitioner’s claim that its reliance on the amount of rent charged by the prior landlord should shield the new owner from damages for rent overcharges including treble damages. The Rent Stabilization Code explicitly permits carry over liability for treble damages. When in 1987 DHCR implemented the amended Rent Stabilization Code (9 NYCRR part 2520), it set forth its “carryover” policy at section 2526.1 (f), which deals with responsibility for overcharges. 9 NYCRR 2526.1 (f) (1) provides that “[f]or overcharges collected before April 1, 1984, an owner will be held responsible only for his or her portion of the overcharges, in the absence of collusion or any relationship between such owner and any prior owners.” Conversely, 9 NYCRR 2526.1 (f) (2) (i) provides that “[f|or overcharge complaints filed or overcharges collected on or after April 1, 1984, a current owner shall be responsible for all overcharges and penalties, including penalties based upon overcharges collected by any prior owner” (emphasis added).
Despite the clear language of the regulation permitting carry over liability of overcharges and penalties, petitioner argues that such carry over liability is unlawful, relying upon a single case of Heights Assoc. v Bautista (178 Misc 2d 669 [App Term, 2d Dept 1998]). Such reliance is misplaced. In that case, the Civil Court (Badillo, J.) found that the tenant had been overcharged and awarded treble damages against the current owner on the ground that it had failed to offer evidence that the overcharge was not willful. On appeal to the Appellate Term, Second Department, the landlord challenged the Civil Court’s imposition of treble damages. The Appellate Term, surprisingly, held that DHCR’s imposition of treble damages was ultra vires *176 the Rent Stabilization Law. It based its decision upon the principles that “[t] reble damages . . . [are] punitive damages . . . designed to punish and deter proscribed or offensive conducts and] . . . that the motive of one party cannot be imputed to another” (at 673). Under the circumstances, the court held (at 673), “[the] treble damages cannot, consistent with the Rent Stabilization Law’s requirement of willfulness . . . ordinarily be imposed upon a current owner for the overcharges collected by the prior owner.” It noted that “[t]o the extent that the Rent Stabilization Code extends liability for treble damages for such overcharges to current owners . . . it is out of harmony with the statute that it is designed to implement and with established principles of law and cannot be applied . . . .” (Id. at 673.)
What the petitioner here and the court in Heights Assoc. (supra) seem to have overlooked is that carry over liability for treble damages had long been upheld by the Appellate Division, First Department, and more recently by the Appellate Division, Second Department. For instance, in Round Hill Mgt. Co. v Higgins (177 AD2d 256 [1991]), the First Department refused to assess treble damages against the successor owners, but only because there was no evidence that the owner knew or had reason to know that its predecessor had collected an overcharge. More recently, in 2001, the Second Department in Brea v Jackson Hgts. Props. (281 AD2d 579, 580 [2001]) explicitly noted that “DHCR can impose liability for . . . overcharges and penalties against new owners who take title . . . after the overcharge occurred.” It, however, refused to impose liability for overcharges and treble damages against the successor owners, but only because “the new owners did not take title to the property until after the proceedings before the DHCR and a petition for administrative review filed by the former owner was denied.”
While the reliance by a new owner on the amount of rent charged by the prior landlord can subject the new owner to damages for rent overcharges including treble damages, the rule, at least in the First Department, is that carry over liability for treble damages will be imposed on a case-by-case basis, depending upon the succeeding owner’s degree of knowledge or culpability as to an existing overcharge. (See e.g., Matter of S.E. & K. Corp. v State of N.Y. Div. of Hous. & Community Renewal, 239 AD2d 123 [1st Dept 1997]; Matter of Goldstein v New York State Div. of Hous. & Community Renewal, 226 AD2d 722 [1st Dept 1996]; Matter of Nagobich v New York State Div. of Hous. *177 & Community Renewal, 200 AD2d 388 [1st Dept 1994]; Matter of 4947 Assoc. v New York State Div. of Hous. & Community Renewal, 199 AD2d 179 [1st Dept 1993]; Matter of Round Hill Mgt. Co. v Higgins, 177 AD2d 256 [1st Dept 1991]; Polanco v Higgins, 175 AD2d 729 [1st Dept 1991].)
For instance, in Round Hill Mgt. Co. v Higgins (177 AD2d 256 [1991], supra), the First Department refused to assess treble damages against the successor owners because there was no evidence that the owners knew or had reason to know that their predecessor had collected an overcharge. In that case, the subject apartment was located in a three-building complex that had 10 other apartments identical to the subject apartment. The $200 a month rent in effect at the time of purchase was equal to or lower than the rent then being charged for all of these 10 other identical apartments, and the $200 a month rent was well below the market rate. Given such circumstances, the Court held, “it is indeed irrational to characterize the overcharge found by respondent by application of its default formula as ‘willful.’ ” (Id. at 257-258.)
Conversely, in 4947 Assoc. v New York State Div. of Hous. & Community Renewal (199 AD2d 179 [1993], supra), the First Department affirmed DHCR’s imposition of treble damages on the succeeding owner, holding that said owner should have known that the prior owner had violated the Rent Stabilization Law. In that case, the owner offered no proof to sustain its burden of showing that its rent overcharge was not willful. Moreover, DHCR records showed that the charged rent was nearly double that of similar apartments in the same line in the building. Under the circumstances, the Court held, the landlord must have known from its own rent rolls that the rent was excessive. (Id.)
Similarly, in S.E. & K. Corp. v Division of Hous. & Community Renewal (239 AD2d 123 [1997], supra), the First Department affirmed DHCR’s imposition of treble damages on the succeeding owner. In that case (at 124), the landlord’s excuse for lack of knowledge of the overcharge was that “its inexperience as a landlord caused it to be misled by the advice of the prior owner that a fair market rent could be charged for the apartment once the tenant who was then in occupancy moved out.” The DHCR rejected the excuse on the basis that the complainant’s initial rent would have represented an unlawful increase even if petitioner were entitled to charge a fair market rent. “Nor is the overcharge excusable,” the Court held, “in this *178 instance by the claimed unavailability of a full rental history from the prior owner when petitioner took title.” (Id. at 124.)
In the instant proceedings, petitioner has failed to establish by a preponderance of the evidence submitted to DHCR that it did not know or had no reason to know that the tenant was being overcharged. In that regard, petitioner failed to adduce any evidence of any kind. Instead, as noted above, petitioner explained only his alleged efforts to cure the defect upon receiving the rent overcharge order. It failed, however, to offer any proof of its efforts upon the acquisition of the property, such as any attempt to procure the rent history of the apartment from DHCR or from the prior owner. Significantly, had such inquiry been made, it would have been easily discovered that the rent charged to the current tenant when he took possession was significantly higher (51%) than what the prior tenant had been charged.[5] This Draconian increase should have raised serious doubts about its legality, absent an explanation. Nor did petitioner produce any evidence, like a comparison of the rent charged to similar apartments, that would have indicated that the rent that was being charged to the tenant was appropriate. Thus, since upon an inquiry petitioner should have been placed on notice that there was a problem with his tenant regarding his rent, it cannot be considered a blameless successor who should escape liability for the malfeasance originated from its predecessor and exacerbated by its own nonfeasance.
In short, requiring the new owner to make some efforts to ascertain the reliability of the rent that had been charged by its predecessor landlord, in order to avoid carry over liability for treble damages within the scope of a rent overcharge, is clearly in harmony with pertinent regulations and case law. (See, 9 NYCRR 2526.1 [f] [2]; 4947 Assoc. v New York State Div. of Hous. & Community Renewal, supra; S.E. & K. Corp. v Division of Hous. & Community Renewal, supra, 239 AD2d 123 [1997]; cf. Round Hill Mgt. Co. v Higgins, 177 AD2d 256 [1991], supra.) Moreover, the equities of this case also favor the applicability of successor liability within the scope of treble damages. A landlord who is in a better position than the tenant to protect her interest should do everything within her power to protect herself from such unexpected contingencies, rather than blindly relying upon the act of her predecessor.
*179 Conclusion
In sum, there is substantial evidence in the instant record to support both DHCR’s recomputation of the overcharge and its determination that the overcharge was willful. The reliance by a new owner on the amount of rent charged by the prior landlord subjects the new owner to damages for the rent overcharges including treble damages, under the circumstances herein, where the landlord cannot meet its burden of establishing that it did not know or had no reason to know that its predecessor had imposed an illegal rent on its tenant. Thus, petitioner has failed to demonstrate that respondent acted in any way in an unreasonable, arbitrary, capricious or unlawful manner. Plainly, petitioner’s arguments attacking the carry over liability for treble damages as unlawful and unwarranted are without merit, and respondent’s decision is rational and well supported by the record made before it. The petition is, therefore, dismissed.

. Based upon the Rent Administrator’s determination that the base rent was $602.72, it determined the overcharge as $4,228.17, treble damages as $8,456.34 and excess security as $257.23, for a total assessment of $12,941.74.

. Policy Statement 89-2 states in pertinent part: “The owner can submit such evidence after receiving notice of a tenant’s filing of an overcharge complaint prior to the final order being issued. When an owner receives the second and final notice that an overcharge has been determined and treble *172 damages are about to be imposed, he or she will be notified to submit evidence within twenty (20) days to prove that the overcharge was not willful.”

. Based upon the Rent Administrator’s upward readjustment of the base rent to $639.52, it reduced the overcharge and treble damages assessment to $12,012.32 from $12,941.74.

. See n 2, supra.

. By the time the former tenant vacated the premises in April 1999, her monthly rent was $562, while the current tenant’s monthly rent was $850 at the inception of her tenancy in May 1999.