OPINION OF THE COURT
Per Curiam.
Order entered May 29, 2003 reversed, with $10 costs, plaintiffs motion denied, and defendant’s cross motion for summary judgment dismissing the complaint is granted. The clerk is directed to enter judgment accordingly.
Plaintiff, as the current owner of residential building premises known as 32 East 38th Street, Manhattan, was legally responsible under the Rent Stabilization Code (see [9 NYCRR] § 2526.1 [f] [2] [i])* and specifically directed by an April 27, 2000 Division of Housing and Community Renewal (DHCR) order to satisfy a rent overcharge award in favor of a former building tenant for overcharges collected by defendant, the predecessor building owner, and now sues defendant in “indemnification” to recoup the amount ($18,919.77, plus interest) paid by plaintiff on the award. The record shows, and it is not seriously disputed, that plaintiff purchased the subject building in 1987 in a transaction structured, at plaintiffs behest, as a like-kind exchange of assets, with Henry D. Wong and Jessie Wong, nonparties to this action, acting as conduits in conveying title to plaintiff of the Manhattan building then owned by defendant and conveying title to defendant of a Southampton, New York, property then owned by plaintiff. The August 3, 1987 contract of sale governing the transfer of the Manhattan property contained broad merger and “no-representation” clauses, as well as a clause providing that the transfer of ownership of the building was subject to “[e]xisting tenancies, statutory demands and leases.” Though the contract of sale was nominally entered into by defendant, as seller, and the Wongs, as purchasers, the signature page of both the main contract of sale and its rider *98 bear plaintiff’s initials next to the phrase “APPROVED & GUARANTEED.”
Plaintiff’s principal argument below, reiterated in her respondent’s brief on appeal, was (and is) that she was a mere “witness” to the contract of sale and, as such, was not properly bound by its merger and other provisions. Plaintiffs contention that she was not a party to the contract of sale through which the transfer of the subject building was effectuated is not easily reconciled with the allegation set out in plaintiff’s verified complaint that she purchased the building “from the defendant” or with the acknowledgment of plaintiffs counsel in a supporting affirmation below that the Wongs acted as “straw-men” in connection with the building transfer. In any event, while it is at least arguable that plaintiff was the real party in interest to the contract of sale (see e.g. Centisco, Inc. v Sales Realty Corp., 52 Misc 2d 331 [1966], affd 54 Misc 2d 683 [1967]), we need not dispositively address the issue for, irrespective of her contractual status, plaintiff was obligated, as ultimate purchaser of the building premises, to conduct her own investigation and evaluation of every aspect of the premises and transaction, which inquiry, had it been properly made, would have disclosed the then pending 1985 rent overcharge claim which forms the basis of this lawsuit. Notably, the plaintiffs obligation to make such an inquiry was conceded in prelitigation correspondence written to defendant on plaintiffs behalf by her business associate, who candidly acknowledged that plaintiff’s “lawyer for the contract should have checked the DHCR files to see if there was an [overcharge] action pending” and described the attorney’s failure to do so as a “cost[ly] . . . oversight.”
“Implied indemnity is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other” (Mas v Two Bridges Assoc., 75 NY2d 680, 690 [1990]). On the undisputed facts here presented, where plaintiff had the opportunity to investigate the building’s rent history prior to her acquisition of the premises, to negotiate a purchase price reflective of any pending overcharge claim(s), and to contractually require defendant to answer to her for any potential carryover overcharge liability, the plaintiffs cause of action seeking equitable relief in the form of implied indemnification must fail.
McCooe, J.P, Davis and Gangel-Jacob, JJ., concur. '

 The code section provides that “a current owner shall be responsible for all overcharge penalties, including penalties based upon overcharges collected by any prior owner,” and thus imposes “total liability” upon a current owner for the overcharges of a predecessor landlord (Fullan v 142 E. 27th St. Assoc., 1 NY3d 211, 216 [2003]).