Kreisler v B-U Realty Corp. (2021 NY Slip Op 05816)





Kreisler v B-U Realty Corp.


2021 NY Slip Op 05816


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Kern, J.P., Oing, Singh, Mendez, Higgitt, JJ. 


Index No. 161021/14 Appeal No. 14477 Case No. 2020-03008 

[*1]Stuart Kreisler, et al., Plaintiffs-Respondents,
v
B-U Realty Corp., et al., Defendants-Appellants.


Sidrane, Schwartz-Sidrane, Perinbasekar & Littman, LLP, Rockville Centre (Michael Littman of counsel), for appellants.
Ephron-Mandel & Howard, L.L.P., New York (Damon P. Howard of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered June 26, 2020, which awarded plaintiff rent overcharges and treble damages for a period of six years, and appeal therefrom bringing up for review an order, same court and Justice, entered October 4, 2019, which denied defendants' cross motion for renewal of plaintiffs' motion for summary judgment, unanimously modified, on the law, to reduce the period for recovery of overcharge damages to four years and the period for recovery of treble damages to two years, for a total award of $536,312.76, plus costs and disbursements, and otherwise affirmed, without costs.
Defendants' renewal motion was properly denied based on law of the case. Defendants assert, for the first time on renewal, that the apartment is exempt from rent stabilization because plaintiff, as a corporate tenant, is not entitled to the protections of the Rent Stabilization Law. However, the issue of whether the apartment is subject to rent stabilization was expressly decided in an earlier appeal (Kreisler v B-U Realty Corp., 164 AD3d 1117, 1118 [1st Dept 2018]) and such order is law of the case (Board of Mgrs. of the 25 Charles St. Condominium v Seligson, 106 AD3d 130, 135 [1st Dept 2013] ["An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court . . . [and] operates to foreclose re-examination of the question absent a showing of subsequent evidence or change of law"]). Moreover, the law of the case compels the denial of defendants' renewal motion despite defendants' contention that rent stabilization protections cannot be created by estoppel or waived.
Additionally, defendants' renewal motion was properly denied as it failed to assert new facts or a change in the law that would change the prior determination (see CPLR 2221[e][2]). Contrary to defendants' contention in support of their motion for renewal, this Court's decision in Fox v 12 E. 88th LLC (160 AD3d 401 [1st Dept 2018], lv denied 32 NY3d 911 [2018]) did not establish "new law" but merely applied the well-settled rule that an entity may hold a rent-stabilized lease provided "the lease specifies a particular individual as the occupant and no perpetual tenancy is possible" (id. at 402 [emphasis omitted]).
Plaintiffs acknowledge that the expanded overcharge and treble damages available under the Housing Stability and Tenant Protection Act of 2019 (HSTPA) (L 2019, ch 36, part F) do not apply to this action. Thus, pursuant to the former statutes of limitations under CPLR 213-a and Rent Stabilization Law (RSL) (Administrative Code of the City of New York) § 26-516(a)(2) of four years for overcharges and two years for treble damages, we reduce the overcharge damages award to $238,501.96 and the treble damages award to $297,810.80, for a total damages award of $536,312.76.
As defendants' correctly argued before the motion court, the [*2]overcharge should be calculated from the base date at $1,311.47 per month and frozen at that rate under RSL 26-517(e), as "it is undisputed that the overcharge was not attributable to nonregistration . . . but rather to the charging of a free market rent" (Hargrove v Division of Hous. & Community Renewal, 244 AD2d 241, 242 [1st Dept 1997]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021