Le Bihan v 27 Wash. Sq. N. Owner LLC (2022 NY Slip Op 03447)





Le Bihan v 27 Wash. Sq. N. Owner LLC


2022 NY Slip Op 03447


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Gische, J.P., Scarpulla, Mendez, Shulman, Higgitt, JJ. 


Index No. 153887/19 Appeal No. 15929 Case No. 2021-02169 

[*1]Sebastien Le Bihan, Plaintiff-Respondent,
v
27 Washington Sq. North Owner LLC, Defendant, New York University, Defendant-Appellant.


Belkin, Burden, Goldman, LLP, New York (Magda L. Cruz of counsel), for appellant.
Sokolski & Zekaria, P.C., New York (Mark Davies of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 26, 2020, which denied defendant New York University's motion to dismiss the complaint pursuant to CPLR 3211(a), unanimously affirmed, without costs.
The complaint seeks a declaration that defendant is liable as successor owner for its predecessor's rent overcharges. Plaintiff alleges that he is the former rent-stabilized tenant of apartment #2E located at 27 Washington Square Park in Manhattan. On April 27, 2010, he commenced a rent overcharge complaint against the prior landlord. By decision dated, November 30, 2017, plaintiff was awarded a money judgment representing the rent overcharge and attorney's fees. Plaintiff states that the decision was entered by the New York County Clerk's Office on December 13, 2017. Plaintiff also alleges that respondent is a successor owner, having acquired title to the building in June 2018. Plaintiff's complaint states a viable cause of action against respondent seeking carryover liability for the prior owner's overcharge. Respondent's principal argument in favor of pre-answer dismissal of the complaint is that it did not know about the overcharge and, therefore, cannot be held legally responsible.
Under Rent Stabilization Code (RSC)(9 NYCRR) § 2526.1(f)(2) "[A] current owner shall be responsible for all overcharge penalties, including penalties based upon overcharges collected by any prior owner." The RSC provides for limited exceptions to the imposition of carryover liability, which the parties agree do not apply here. The exceptions are where the sale is effectuated as part of a judicial proceeding and there is no collusion, or a relationship between the purchaser and any prior owner and there are no records available to the purchaser sufficient to establish the legally regulated rent. The exceptions, which apply to those who take in a judicial proceeding and also those who take title thereafter, are based upon the concept that a subsequent owner should not be held responsible for a prior owner's overcharges where they were not and could not be known by the purchaser.
As the Court of Appeals recognized, however, carryover liability for rent overcharges had been judicially imposed even before the promulgation of RSC 2526.1 (f)(2) (Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545 [1997]). The rationale for imposing common law carryover liability under the Rent Stabilization Laws (RSL) was that due to the record retention requirements, a successor landlord in most cases would be able to ascertain whether the previous owners had been guilty of overcharges (id. at 549). In keeping with the common law and following the promulgation of RSC 2526.1 (f)(2), the Appellate Division, Second Department recognized that there is still a common-law defense to carryover liability, notwithstanding that title passed outside of a judicial proceeding, where the new owner did not know about the overcharge (Sanford [*2]Ave. Realty Co., LLC v Reynoso, 19 AD3d 401 [2nd Dept 2005]). This Department has recognized, following the promulgation of RSC 2526.1 (f)(2), that carryover liability, at least for treble damages, could be subject to a defense that the overcharge was not willful because the subsequent owner neither knew nor had reason to know about the overcharge (Matter of Round Hill Mgt. Co. v Higgins, 177 AD2d 256 [1st Dept 1991]; Matter of East 163rd St. v New York State Div. of Hous. & Community Renewal, 4 Misc 3d 169 [Sup Ct, Bronx County, 2004 Renwick, J.]). Carryover liability, however, is the general rule, not the exception. That is because a purchaser is expected to do its due diligence and discover what there is to be known at the time title is acquired (Carol Turner, 308 Realty v Spear, 134 Misc 2d 733, 734-736 [Civ Ct, NY County 1987, Tom, J.], see Helfand v Sessler, 8 Misc 3d 96 [App Term, 1st Dept 2005]). Because of RSL record retention and registration requirements (see CPLR 213-a; Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332 [2020]), a new owner most times would or could know of potential overcharges.
Here respondent's defense that it did not and could not have known about the overcharge does not warrant dismissal of the complaint on a pre-answer motion. The complaint, which is entitled to every favorable inference, states a claim for carryover liability on its face (Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital Inc., 30 NY3d 572, 582 [2017]). Respondent's defense that it neither knew nor could have known about the overcharge is a factually laden inquiry. It is not a conclusion that can be reached on the face of the pleadings. Respondent's attempt to support its factual position with affidavits and other materials on its CPLR 3211(a)(7) motion is unavailing (Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]; Ackerman v 305 E. 40th Owners Corp., 189 AD2d 665 [1st Dept 1993]). In fact, the documents respondent submitted show that the overcharge decision was a publicly available record by at least December 14, 2017.
We also reject defendant's contention that the December 13, 2017 overcharge decision should be deemed abandoned under Uniform Rules for Trial Courts (22 NYCRR § 202.48[b]). The decision directs the Clerk to enter a judgment. Consequently, the rule's 60-day period for a party to submit a judgment does not apply (Funk v Barry, 89 NY2d 364, 366-367 [1996]; see also Yvonne Y. v City of New York, 199 AD3d 551 [1st Dept 2021]). Although there was also a box checked to "settle order," that direction was superfluous in view of the direction for the clerk to enter a judgment.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022