Matter of 197 Madison Holdings LLC v NYS Div. of Hous. & Community Renewal (2024 NY Slip Op 04817)

Matter of 197 Madison Holdings LLC v NYS Div. of Hous. & Community Renewal

2024 NY Slip Op 04817

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Kern, J.P., Oing, Kapnick, Kennedy, Shulman, JJ. 

Index No. 154462/22, 154402/22 Appeal No. 2675-2576 Case No. 2023-05628, 2023-05625 

[*1]In the Matter of 197 Madison Holdings LLC, Petitioner-Appellant,
v
NYS Division of Housing and Community Renewal, Respondent-Respondent.
In the Matter of 197 Madison Holdings LLC, Petitioner-Appellant,
v
NYS Division of Housing and Community Renewal, Respondent-Respondent. Index Nos. Case Nos.

Horing Welikson Rosen & Digrugilliers P.C., Williston Park (Brian W. Shaw of counsel), for appellant.
Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Kathleen Lamar of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Laurence L. Love, J.), entered January 20, 2023, and order and judgment (one paper), Supreme Court, New York County (William Franc Perry, J.), entered December 9, 2022, denying the respective petitions to annul determinations of respondent New York State Division of Housing and Community Renewal (DHCR), dated March 23, 2022 and April 6, 2022, which denied petitioner's applications for administrative review and affirming orders of the Rent Administrator finding petitioner landlord liable for rent overcharges regarding two apartments in the same building, and dismissing the proceedings brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's determinations were not arbitrary and capricious (see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; see also Administrative Code of City of NY § 26-516[a]). Under the Rent Stabilization Code, the "current owner shall be responsible for all overcharge penalties, including penalties based upon overcharges collected by any prior owner" (9 NYCRR 2526.1[f][2][i]; accord Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 549 [1997]). "Carryover liability . . . is the general rule, not the exception . . . because a purchaser is expected to do its due diligence and discover what there is to be known at the time title is acquired" (Le Bihan v 27 Wash. Sq. N. Owner LLC, 205 AD3d 616, 617 [1st Dept 2022]).
Petitioner purchased the building on or about August 3, 2017. DHCR records show that in December 2000, the Rent Administrator issued a rent reduction order freezing the rents at $159.60 for Apt. 14 and $167.77 for Apt. 11 due to a reduction in services. A prior owner's rent restoration application was denied in 2012, whereas petitioner's application to restore the rent was granted effective January 1, 2020. It is undisputed that the reduction order was in effect when the owner from which petitioner purchased the building rented the two apartments using nonstabilized vacancy leases commencing July 1, 2014 at $3,200 per month and December 15, 2014 at $2,700 per month, respectively, which included notices asserting high-rent vacancy deregulation based on individual apartment improvements (IAIs) (see Administrative Code § 26-514; see also former Administrative Code of City of NY § 26-504.2). DHCR records further show that the previous owner registered the units in 2014 with legal regulated rents of $217.18 and $218.01 but registered them as permanently exempt in 2015.
It was rational for DHCR to find that the previous owner collected rent overcharges, based on the nonstabilized vacancy leases, the registrations claiming high-rent deregulation, and the then-applicable reduction order. Petitioner's "failure to obtain a full rental history from the prior owner when it took title to that building[*2]. . . [does] not excuse" its failure to submit "a full rental history [in] the overcharge proceeding[s]" (Matter of 4947 Assoc. v New York State Div. of Hous. & Community Renewal, 199 AD2d 179, 179 [1st Dept 1993]; see also Matter of S.E. & K. Corp. v State of New York Div. of Hous. & Community Renewal, 239 AD2d 123, 124 [1st Dept 1997]). Contrary to petitioner's contention, "DHCR is not required to do the landlord's work of assembling the necessary documentation," including the rent ledgers that petitioner claims it had no reason to receive from the prior owner (Matter of Powers Assoc. v New York State Div. of Hous. & Community Renewal, 229 AD2d 349, 351 [1st Dept 1996], lv denied 89 NY2d 808 [1997] [internal quotation marks omitted]).
The commencement of the rent overcharge proceedings by DHCR, after an investigation into the claimed IAIs by its tenant protection unit, did not place an additional burden on DHCR to produce evidence within the four-year lookback period that petitioner was required to maintain (see Administrative Code § 26-516[a]; former 9 NYCRR § 2523.7[a],[b]). Instead, DHCR retained the statutory role as the finder of fact (see Administrative Code § 26-516[a]). The tenants' failure to respond to DHCR requests for documentation — sent to the apartments several years after petitioner represents that the units had been vacated — does not render DHCR's determinations arbitrary and capricious. In sum, the challenged decisions were based on facts in the record, while petitioner "failed to present any evidence of actual rents collected" (Matter of Hawthorne Gardens v State of New York Div. of Hous. & Community Renewal, 4 AD3d 135, 136 [1st Dept 2004]).
Petitioner's challenges to the base dates set by the Rent Administrator are unpreserved, as it failed to raise the issue in its petitions for administrative review. "This Court has 'no discretionary authority' to 'reach[] an unpreserved issue in the interest of justice' in an article 78 proceeding challenging an administrative determination" (Matter of Almanzar v City of N.Y. City Civ. Serv. Commn., 166 AD3d 522, 524 [1st Dept 2018], quoting Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; see Matter of Peckham v Calogero, 12 NY3d 424, 430 [2009]; Matter of 101 E. 16th St. Realty LLC v New York State Div. of Hous. & Community Renewal, 226 AD3d 494, 495 [1st Dept 2024]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024