Charlton v 92 Pinehurst Ave. LLC (2025 NY Slip Op 05625)

Charlton v 92 Pinehurst Ave. LLC

2025 NY Slip Op 05625

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ.

Index No. 151342/21|Appeal No. 4936|Case No. 2024-05245|

[*1]Leena Charlton, Plaintiff-Respondent,

v

92 Pinehurst Avenue LLC, Defendant-Appellant.

Rivkin Radler LLP, Uniondale (Henry Mascia of counsel), for appellant.

Law Offices of John T. Maher, New York (John T. Maher of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 9, 2024, which, to the extent appealed from as limited by the briefs, denied defendant's motion to substitute its successor in interest Getty Industries LLC as defendant, unanimously affirmed, with costs.

The motion court providently exercised its discretion in denying defendant's motion to substitute Getty as defendant (see HSBC Guyerzeller Bank AG v Chascona N.V., 42 AD3d 381, 382 [1st Dept 2007]). The substitution would have been prejudicial to plaintiff, who seeks treble damages for defendant's alleged willful rent overcharges. If Getty were fully substituted for defendant in this action, plaintiff would likely have to litigate when Getty knew or had reason to know about the overcharge as a potential bar to collecting treble damages (see Le Bihan v 27 Wash. Sq. N. Owner LLC, 205 AD3d 616, 617-618 [1st Dept 2022]; see also Matter of Round Hill Mgt. Co. v Higgins, 177 AD2d 256, 257 [1st Dept 1991]), a defense that would not be available to defendant. Thus, if defendant were released from the action, any damages to which plaintiff may be entitled could be substantially diminished.

We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 14, 2025